### JOHN T. STARK AND WIFE v. G. B. BURR ET AL.

(Case No. 1364.)

1. VENUE.— Though under the statute (R. S., art. 1198, subdiv. 13) a suit may be brought for the partition of land in any county in which one of the defendants may reside, yet if in the petition it be shown that the defendants assert an adverse title, and there be a prayer for the recovery of title, the suit must be brought in the county where the land is situated.

APPEAL from Orange. Tried below before the Hon. W. H. Ford.

*Pickett & Stark,* for appellants.

*W. B. Denson* and *J. A. Carroll,* for appellees.

BONNER, ASSOCIATE JUSTICE.— This suit was instituted March 18, 1880, in the district court of Orange county, by appellants, John F. Stark and wife, against appellees, Gilman B. Burr and wife, of the county of Orange, and Thomas E. Hogg, J. A. Carroll and J. W. Iagor, who are alleged to reside in the county of Denton.

Appellants Stark and wife, in right of the latter, in their pleadings claim to be the owners of an undivided interest of 1,494.19 acres of land situate in the said county of Denton, patented to Samuel F. Smith, assignee of Sarah Winfrey. The suit is ostensibly one for partition. In the pleadings of Stark and wife, however, their former possession and the ouster by appellees are distinctly averred; also that appellees set up adverse title to the whole tract of land, including the interest claimed by plaintiffs; and in addition to the prayer for partition, there is also a distinct prayer for the recovery both of the title and possession, and for writ of possession and for damages.

The suit, then, in its legal effect is primarily one of trespass to try title; and when this has been determined, if in

favor of Stark and wife, then as an incident thereto, one for partition also.

Appellees Hogg, Carroll and Iagor pleaded in abatement of the action:

*First.* By demurrer, that the court had no jurisdiction, for the reason that, as alleged, they resided in Denton county, and the land which is the subject matter of the suit is also alleged to be in that county, and the suit was brought in Orange county.

*Second.* By plea, which would seem to be one more in bar of a part of the cause of action than in abatement, that on April 18, 1879, the said Burr and wife recovered against the said Stark and wife, in the circuit court of the United States for the eastern district of Texas, judgment for all the right, title and interest which Stark and wife had in and to the east half of said tract of land, and vesting the same into Burr and wife, and vesting the west half into Stark and wife, and for partition accordingly.

On the trial below the court sustained the pleadings in abatement of the suit, and dismissed the same, from which judgment this appeal is prosecuted by Stark and wife.

From the recitals in the judgment, it appears that the court, without the intervention of a jury, though one had been demanded, proceeded to hear evidence in regard to the existence and validity of the judgment of the circuit court, and found in favor of it; and, it would seem, based the judgment abating the suit upon this finding.

Whether, however, the action of the court upon this portion of the pleading was correct or not, we do not find it material to decide.

By subdivision 13, article 1198, R. S., for good reasons readily apparent, it is provided: "Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and

suits to prevent or stay waste on lands, must be brought in the county in which the land or a part thereof may lie."

As before shown, the present suit would come within the terms and policy of that statute. It is admitted by appellants in their brief that the suit was one to quiet title. The pleadings of Stark and wife, plaintiffs below, affirmatively showed that the land lay in Denton and not Orange county. Although this, like any other question of privilege of venue, might in a civil suit be waived, yet if the defendants instead of waiving it should invoke the positive provisions of the statute, it must be enforced.

Subdivision 12 of the above article provides that a suit for the partition of lands *may* be brought in the county where the same or any part thereof may be, or in the county in which one or more of the defendants reside.

Evidently, from the language used in the two statutes, and the primary importance of a suit to try the title to land as compared to one merely of partition, it was the intention of the legislature to make the statute in regard to the latter subordinate to the former.

The privilege to have the suit brought in Denton county, in which the land was situated, was invoked by the demurrer of Hogg and others in abatement of the suit, and the judgment of the court sustaining it was correct, whatever may have been the reason assigned therefor. Judgment affirmed.

AFFIRMED.

[Opinion delivered January 24, 1882.]