By the Court, E. Darwin Smith, J.
This action was brought to foreclose a mechanic’s lien, under two acts of the legislature specially applicable to the county of Onondaga.
The first act -was passed April 35th, 1864, (see Laws of 1864, ch. 366, p. 856,) and provides, in section 1, as follows: “That any person who shall, in pursuance of any contract, express or implied, either with the owner of the property or any contractor, perform any labor or furnish any materials in building, altering or repairing any house or other building in the county of Onondaga, to the amount of twenty dollars or over, or any person who has made a contract for the same, shall, until the end of three months after the performance of such labor or furnishing materials, be deemed to have an equitable lien for the same upon such house *604 or building, or appurtenances, and the land upon which the same may be situated.”
The second section of said act provides for the filing of a notice of such lien while the work is in progress, or within three months after the completion of such work. Section 1 of the act of 1866, (see Sess. Laws of 1866, ch. 788 p. 1693,) protects the owner of such property, so far as relates to payments made to any contractor in good faith before notice of such lien.
The plaintiff is within the clear object, and intent of these acts. From the facts admitted and found by the judge who tried this cause, without a jury, it appears that the defendants let a contract to one Moore, July 20, 1869, to build for them an engine or round house, for $8,476. That the plaintiff furnished materials and did work upon said round house under Saulpaugh & Jackson, sub-contractors of said Moore, to the amount of $527.63, for which he had not been paid, and for which he filed a claim in due time under the acts aforesaid, and served notice thereof upon the defendants within the time required by said acts, and at a time when the said defendants still owed the said Moore about $3,000 on the original contract. The only point made by the defendant’s counsel is, that the plaintiff did the work under sub-contractors of Moore, who had been paid by said Moore the full amount due under their contract, except the sum of $225, for which alone it is claimed that the plaintiff is entitled to enforce his lien under said acts.
This view, it seems to me, is in clear conflict with the explicit language and clear intent of these acts, and suggests a wrong or possible injury to the actual laborer in such cases, which the legislature clearly intended to prevent—that is, arrangements and contrivances to defraud him of pay for work done and materials, between the owner and contractors, or between contractors.
The laborer is entitled to look to the owner and to *605 the property for Ms pay, to the extent of the original contract price for the work; and the owner is bound to keep such price as a fund to pay laborers and under-contractors, for materials and work, so far as he has notice of their liens, or of the intent to rely upon such security, by actual notice for that purpose, before he has paid the primary contractor in full for the whole job or work.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and E. D Smith, Justices.]
The very facts of tMs case illustrate the beneficial object and effect of these statutes, and the mischief they were intended to prevent, in respect to workmen under sub-contractors.
The judgment rendered at Special Term was clearly right, and should be affirmed, with costs.