## Wm. H. H. Spafford *vs.* Duluth, Red Wing & Southern Railroad Co. *et al.*

Submitted on briefs Nov. 18, 1891. Decided March 8, 1892.

**Lien Law—Subcontractors in Second Degree.** — The mechanic's lien law, as amended in 1874, construed as giving a right of lien, not only to subcontractors for the construction of a railway, but to subcontractors in the second degree.

Appeal by defendant the Duluth, Red Wing & Southern Railroad Company from an order of the district court of Goodhue county, *Crosby*, J., made April 23, 1891, refusing it a new trial.

Action brought by William H. H. Spafford, plaintiff, against the railroad company, Andrew Anderson, Herman Hanson, George Kinney, and the Central Trust Company of New York, defendants, to foreclose a lien for labor and material furnished by plaintiff, and used in the fall of 1888, in constructing the bridges and culverts on the line between Red Wing and Zumbrota, Minn.

The action was commenced May 9, 1889, under the mechanic's lien law of 1874, ch. 69, (1878 G. S. ch. 90,) which this court held, in *Meyer* v. *Berlandi*, 39 Minn. 438, was not repealed by laws 1887, ch. 170. The railroad company demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against it, and because Keating Bros. & Co. were not made parties to the action. This demurrer was overruled, and it answered, and the issues were tried July 1, 1890. Findings were made by the court, and filed on January 17, 1891, in substance, that the railroad company made a contract with the Red Wing, Duluth & Sioux City Construction Company to build its railway between Red Wing and Zumbrota; that the construction company sublet the building of this railway to the firm of Keating Bros. & Co., and that this firm contracted with plaintiff on September 14, 1888, to furnish the material, and construct the bridges and culverts; that plaintiff completed this work November 30, 1888, to the satisfaction of the railroad company; that the labor performed and materials furnished were reasonably worth $36,137.48; that plaintiff had been paid $13,441.84 thereon;

that plaintiff duly made and filed his account and claim for a lien; that the other defendants are subsequent mortgagees or lienholders; and that plaintiff was entitled to the judgment he prayed. The railroad company moved for a new trial, and, being denied, it appealed. That part of the lien law of 1874, ch. 69, on which the question in this case arose, is as follows, viz.:

"Whoever furnishes any labor, skill, or material for constructing, altering, or repairing any line of railway, or for constructing, altering, or repairing any bridge, telegraph, depot, fences, or other structure appertaining to any line of railway, by virtue of any contract with the owner, or with any party authorized by the owner, of such line of railway, or by virtue of any subcontract with any original contractor with such owner, or with such authorized party, shall have a lien to secure the payment for such labor, skill, and material upon all such line of railway, and upon all franchises, privileges, and immunities, and upon all bridges, depots, telegraphs, fences, and other structures, and upon all right of way appertaining to such line of railway."

*Frank M. Wilson,* for appellant.

Few presumptions are made in favor of subcontractors, and they must invariably show that they come within the plainest words of the law. When they do not, they will be excluded from its benefits. Phil. Mech. Liens, § 45. A law which extends the right of lien to a subcontractor does not include one who stands in the second degree from the principal. Overt. Liens, § 552. The plainest expressions of law must be adduced to entitle subcontractors in the second degree to the right of lien. Phil. Mech. Liens, § 49. The right of the contractor to pledge the building for debts to subcontractors and material men has not been extended by construction to subcontractors, except upon express statutory enactment. Id. § 60.

It cannot be doubted that if the words, "or by virtue of any subcontract with any original contractor with such owner, or with such authorized party," were not included in the act of 1874, the courts would give to the act the same construction that was given to Laws 1858, ch. 54, in *Toledo Novelty Works* v. *Bernheimer,* 8 Minn. 118, (Gil. 92;) *O'Neil* v. *St. Olaf's School,* 26 Minn. 329; *Hart* v. *Boston,*

*R. B. & L. R. Co.,* 121 Mass. 510; *Paine* v. *Tillinghast,* 52 Conn. 533; *Rothgerber* v. *Dupuy,* 64 Ill. 452; *Ahern* v. *Evans,* 66 Ill. 125; *Newhall* v. *Kastens,* 70 Ill. 156; *Cairo & St. L. R. Co.* v. *Watson,* 85 Ill. 531; *Kirby* v. *McGarry,* 16 Wis. 68.

In *Mundt* v. *Sheboygan & F. du L. R. Co.,* 31 Wis. 451, the statute was as follows:

"Whenever any laborer upon any railroad in this state shall have just claim or demand, for labor performed on such railroad, against any person being contractor on such railroad with the railroad company, * * * such railroad company shall be liable to pay such laborer the amount of such claim or demand. * * * 1 Taylor, Wis. Stat. ch. 76, § 57.

This language is so different from our statute that the case is not authority against appellant. *Consolidated Presbyterian Soc. of Green's Farms* v. *Staples,* 23 Conn. 544; *Hart's Appeal,* 96 Pa. St. 355; *Shields* v. *Morrow,* 51 Tex. 393; *Winder* v. *Caldwell,* 14 How. 434; *Knapp* v. *Brown,* 45 N. Y. 207, 211.

The appellant has not, nor is it claimed that it has, in any form entered into a contract with the plaintiff. The case of *McGugin* v. *Ohio River R. Co.,* 33 W. Va. 63, seems to me to be a case on all fours with that at bar. In that case the Ohio River Railroad Company contracted with the Ohio Valley Construction Company, requiring it to build a freight depot on lands owned by the railroad company. The construction company sublet the work to the firm of Crick & Coulston, and they to the plaintiff. The latter furnished materials and performed labor in the erection of the building. The parallels between that case and the one at bar are complete. *Harlan* v. *Rand,* 27 Pa. St. 511; *Duff* v. *Hoffman,* 63 Pa. St. 191; *Merriman* v. *Jones,* 43 Minn. 29; *Stephens* v. *United R. Stock-Yard Co.,* 29 Ohio St. 227; *Ziegler* v. *Galvin,* 45 Hun, 44.

The demurrer should have been sustained. Keating Bros. & Co. were necessary parties. *Northwestern Cement & Concrete Pavement Co.* v. *Norwegian, etc., Seminary,* 43 Minn. 449.

*Wm. Gale,* for respondent.

In *Laird* v. *Moonan,* 32 Minn. 358, the court says it is ordinarily understood, from the nature of the case, that under a building con-

tract the work is not to be done wholly by the contractor; and it is a sound and just principle that all those who have, by consent of the owner, or in pursuance of contracts with him for that purpose, contributed to increase the value of his property, should have an interest in it until their respective claims for such services have been discharged. This principle, so manifestly equitable, and thus broadly announced in a case arising under section two (2) of the lien act, was also asserted by this court in the case of *Hill* v. *Gill*, 40 Minn. 441, as applicable to a lien claim under section one, (1.) The court, after quoting the foregoing, states: "We think the proposition fully as sound and just when applied to the circumstances of this case as it was when stated in an action involving the right of a subcontractor to enforce the lien secured him by section two, (2.)" In *North Star Iron-Works Co.* v. *Strong*, 33 Minn. 1, this court states that the object of the legislature, evidently, was the security of the mechanics and material men, by giving them a lien upon the property they have contributed to improve or create.

The construction of this statute urged by respondent is simple, reasonable, just, and legal, and in accordance with the intention of the legislature. It may be stated substantially as follows: Liens on railroads for work and materials are hereby provided—*First*, to a party taking a contract direct from the owner; *second*, to a party taking a contract from a person authorized by the owner to contract; *third*, to a party taking a subcontract from the original contractor with the owner; *fourth*, to a party taking a subcontract from a more remote contractor, authorized by the owner to subcontract. This gives full force and effect to every word and clause of the statute. It leaves nothing for restriction, surplusage, or repetition. It protects the reputable railroad from loss, by limiting remote subcontracts to those which the railroad company itself permits to be made. *Kent* v. *New York Cent. R. Co.*, 12 N. Y. 628.

In *Lumbard* v. *Syracuse, B. & N. Y. R. Co.*, 64 Barb. 609, the statute in question provided that every person who shall, in pursuance of any contract, expressed or implied, either with the owner of the property or any contractor, perform any labor or furnish any materials in building, altering, or repairing any house or other

building in the county of Onondaga, to the amount of $20 or over, or any person who has made a contract for the same, shall, until the end of three months after the performance of such labor or furnishing materials, be deemed to have an equitable lien, etc. The defendant let the contract to build a roundhouse to one Moore. Moore thereupon sublet some of the work to Saulpaugh & Jackson. Plaintiff furnished materials and did work upon said roundhouse under a contract with Saulpaugh & Jackson, for ·which he claimed a lien. But it was contended by defendant that, as Saulpaugh & Jackson were only subcontractors, no lien could be asserted under the statute. The court, however, sustained the lien as being within the clear intent of the statute. *Hart* v. *Boston, R. B. & L. R. Co.,* 121 Mass. 510.

Defendant cites some authorities regarding the construction of lien statutes, particularly from the state of Illinois, where an exceptionable rule of strict construction has obtained, not always in accord with better authority elsewhere; but none of them are in point. They in no way sustain his position.

The case of *McGugin* v. *Ohio River R. Co.,* 33 W. Va. 63, is not in point. Section five (5) of chapter seventy-five (75) of the Code of West Virginia, under which McGugin claims a lien, provides that a person, to have the benefit of the lien, must have been employed to do the work or furnish the material by another, who had contracted with the owner to erect or construct the house or building, or any part thereof.

The overruling of the demurrer was not stated as a ground for a new trial, and this appeal is solely from the order denying the motion for a new trial. This assignment of error is not pertinent. The right to insist upon it has been long since waived and abandoned. The demurrer itself is without merit, and was properly overruled.

DICKINSON, J. Prior to the 14th of September, 1888, the defendant railroad company had entered into a contract with the Red Wing, Duluth & Sioux City Construction Company to the effect that the latter—the construction company—should construct the line of railway, including bridges and culverts; and thereafter the construction com-

pany had entered into a subcontract with the partnership firm of Keating Bros. & Co., to the effect that the latter firm should construct the same line of road, including bridges and culverts. On the 14th of September, 1888, Keating Bros. & Co. sublet to the plaintiff the work of constructing and furnishing material for the bridges and culverts on a part of the line of road. This action is to enforce a lien which the plaintiff claims to have acquired upon the railroad by the performance of this subcontract, to the extent of an unpaid part of the price which, by the terms of the contract between Keating Bros. & Co. and the plaintiff, the latter was to receive.

The plaintiff's contract was not with the railroad, whose property he seeks to subject to a lien, nor directly with the party originally contracting with the railroad company; and the question arises whether 1878 G. S. ch. 90, § 1, as amended by Laws 1874, ch. 69, authorizes a lien in such cases. Prior to that amendment, the statute did not provide for liens in favor of subcontractors; but this act of 1874 added the following provision to section one (1) of the lien law then in force: "Whoever furnishes any labor, skill, or material for constructing, altering, or repairing any line of railway, or for constructing, altering, or repairing any bridge, telegraph, depot, fences, or other structure appertaining to any line of railway, by virtue of any contract with the owner, or with any party authorized by the owner of such line of railway, or by virtue of any subcontract with any original contractor with such owner, or with such authorized party, shall have a lien to secure the payment for such labor, skill, and material upon all such line of railway," etc. No doubt can be entertained that it was intended by the amendment of 1874 to extend the right of lien to subcontractors contributing labor or material for the construction of railways. It is the opinion of the majority of the court that the law was intended to apply to subcontractors generally, and not merely to those standing in direct contract relation with the first or original contractor. In support of this construction of the statute, we may cite *Mundt* v. *Sheboygan & F. du L. R. Co.*, 31 Wis. 451, and *Lumbard* v. *Syracuse, B. & N. Y. R. Co.*, 64 Barb. 609. But, speaking for myself, I will say that, in my opinion, the language of the law of 1874 is so restricted

that the right of lien created by it should not be regarded as extending beyond subcontractors in the first degree,—those standing in immediate contract relation with the first or original contractor. Applying the construction which the court puts upon the statute to such facts found as are established by evidence of unquestionable propriety, it follows that the plaintiff was entitled to the lien. It is immaterial whether or not the court was justified by the evidence in finding that the subcontract between Keating Bros. & Co. and the plaintiff was made with the consent of the defendant railroad company. When the defendant contracted for the construction of its road, under a statute giving a right to a lien, not only to the contractor, but to subcontractors, it, in effect, consented to a subcontracting, at least, in the absence of any stipulation to the contrary in its contract.

Many assignments of error are made, which are not again referred to in the appellant's brief. We therefore pay no attention to them.

Order affirmed.

(Opinion published 51 N. W. Rep. 469.)