## O. T. BASSETT v. ANSON MILLS ET AL.

### No. 353.—Decided February 3, 1896.

**1. Appeal—Final Judgment.**

An appeal may be taken where a judgment is made final by the entry of the necessary order nunc pro tunc. This right is not lost by an attempted appeal, dismissed for want of a final judgment. The litigation as to some of the parties not having been disposed of, the former judgment was not final.

**2. Material Man's Lien—Statutes Construed.**

The words of the statute (Art. 3164, Rev. Stats., Sayles' Ed., and Art. 3294, Rev. Stats., 1895), "any person or firm, lumber dealer, artisan, laborer, mechanic or sub-contractor who may labor or furnish material," etc., are broad enough to include every material-man who furnishes material for the construction.

**3. Same—Same—Under and by Virtue of Contract.**

If the material furnished to a sub-contractor be such as was called for by the original building contract it does no violence to the words of the statute to say that the material was furnished "under and by virtue" of that contract.

**4. Statutes Construed.**

Construing articles 3164, Revised Statutes, Sayles' Edition, and sections 1 and 3 of chapter 98, 21st Leg., 1889, p. 111, with section 37, article 16, of the State Constitution, a material-man furnishing lumber, etc., to a sub-contractor for use in the construction of a building under contract with the owners, executed July, 1889, had a lien upon the lot upon which the building was erected as well as upon the improvements.

ERROR to Court of Civil Appeals for Fourth District, in an appeal from El Paso County.

*Davis, Beal & Kemp, W. B. Brack, Millard Patterson* and *Leigh Clark,* for O. T. Bassett, plaintiff in error.—In all of the following cases it has been held that a statute requiring an appeal to be taken within a definite statutory period after the rendition of the judgment is mandatory, and the time to appeal must be computed from the date of actual rendition, and

not of entry. A judgment is "rendered" within the meaning of such statutes when ordered or pronounced by the court, and not when entered in the judgment book. Jones v. Wilson, 54 Ala., 50; Waldrop v. Carnes, 62 Ala., 374; Gray v. Palmer, 28 Cal., 416; Peck v. Courtis, 31 Cal., 208; McCourtney v. Fortune, 42 Cal., 387; Genella v. Relyea, 32 Cal., 159; Wagenheim v. Hook, 35 Cal., 216; Bornheimer v. Baldwin, 42 Cal., 27; Wetherbee v. Dunn, 36 Cal., 249; Webster v. Cook, 38 Cal., 423; Hedges v. Madison County, 6 Ill., 306; Avery v. Babcock, 35 Ill., 175; Anderson v. Mitchell, 58 Ind., 592; McLaughlin v. State, 66 Ind., 193; Fleet v. Youngs, 11 Wend. (N.Y.), 527; Lee v. Tillotson, 4 Hill (N. Y.), 29; Wood v. Com., 11 Bush (Ky.), 220; Swisher v. Hine, 10 Ark., 497; State v. Meacham, 6 Ohio Cir. Ct. Rep., 31; See Topic "Appeals" Am. & Eng. Ency. Pl. & Pr., Vol. 2, p. 249.

We insist also upon the authority of Sens v. Trentune, 54 Texas, 219, that, with the facts as found by our Court of Civil Appeals, the plaintiff in error, O. T. Bassett, was entitled to a lien upon the land as well as the improvements upon which his lien was foreclosed by the trial court. As the evidence showed and the Court of Civil Appeals found that Chas. E. Fruin was a sub-contractor under Paul, the contractor, and O. T. Bassett furnished the material for which he claimed a lien on the property to the sub-contractor Fruin, and that Bassett furnished all the material for which he sued in his petition and for which he recovered judgment to Chas. E. Fruin, as a material-man or lumber-merchant, and that all of said material went into the Grand Central Hotel, or improvements, which were built and constructed by the contractor George Paul, and that Fruin owed Bassett for the material sued for, and that George Paul owed Fruin several thousand dollars under Paul's contract with him, and that Mills & Crosby and Crosby's wife owed Paul several thousand dollars under Paul's contract with them, Bassett was in a position to fix his lien and did fix his lien under the statute upon said property. Implement Co. v. Light Co., 74 Texas, 605; Parker v. Buell, 35 Indiana, 297; Zarrs v. Keck, 58 N. W. Rep., 934, and cases cited; Mack v. Colleran, 32 N. E. Rep., 604; Spafford v. Railway, 51 N. W. Rep., 469.

*Stanton & Turney, T. A. Falvey* and *Waters Davis,* for Anson Mills, J. F. Crosby and Josephine Crosby, defendants in error.—As to finality of judgment of trial court:

Sayles' Revised Civil Statutes, arts. 1333, 1336, 1337, 1380, 1381, 1387, 1389, 1391, 1394, 1412, 1415, 2267 and 2268 and authorities cited under said articles. Supplement to Sayles' Civil Statutes (1888 to 1893), arts. 1380, 1387, 1389, 1391, 1394, 1404, 1415, and cases cited under said articles; Dale v. Copple, 53 Mo., 321; Hodgins v. Heaney, 15 Minn., 185; Sedgwick v. Dawkins, 17 Fla., 811; Bartlett v. Reichenecker, 6 Wash., 168; Schroder v. Schmidt, 71 Cal., 399; Marshall v. Francisco, 10 How. Pr. (N. Y.), 147; Smith v. Dodd, 3 E. D. Smith (N. Y.), 215; Bush v. State (Miss., 1889), 6 So. Rep., 647; Onderdonk v. San Francisco, 75 Cal., 534; Coon v. Lodge, 76 Cal., 354; Bell v. Otts (Ala., 1893), 13 So. Rep.,

43; Hinson v. Wall, 20 Ala., 298; Lamb v. McCanna, 14 Minn., 513; Langdon v. Thompson, 25 Minn., 509; Ah Kle v. McLean, 2 Idaho, 812; Murray v. Scribner, 70 Wis., 228; Railway v. Burkard, 109 N. Y., 648; 2 Encycl. of Pl. & Pr., 61, 62.

As to appeal after entry of judgment nunc pro tunc. Railway v. Whorley, 74 Ala., 264; Ex parte Gilmer, 64 Ala., 234; Bryan v. Berry, 8 Cal., 130; Ins. Co. v. New Harbor, etc., Co., 39 La. Ann., 583.

The time given for appeal begins to run at the date of entry of judgment as held by the current of authority. Polleys v. Black River, etc., Co., 113 U. S., 81; Providence, etc. Co. v. Goodyear, 6 Wall (U. S.), 153; Yznaga del Valle v. Harrison, 93 U. S., 233; Radford v. Folsom, 123 U. S., 725; Radford v. Folsom, 131 U. S., 392; U. S. v. Gomez, 1 Wall (U. S.), 690; Winters v. Ethell, 132 U. S., 207; Humphrey v. Havens, 9 Minn., 318; Exley v. Berryhill, 36 Minn., 117; Hostetter v. Alexander, 22 Minn., 559; Milwaukee County v. Pabst, 64 Wis., 247; Harshman v. Armstrong, 43 Ind., 126; Wright v. Manns, 111 Ind., 422; Atchison etc. Ry. Co. v. Dougan, 39 Kans., 185; Kuhnert v. Conde, 39 Kans., 265; Bailey v. Lubke, 8 Mo. App., 57; Semple v. Thomas, 10 Mo. App., 457; State v. Burns, 66 Mo., 227; Bickel v. Dutcher, 35 Neb., 765; McCahill v. Detroit City, 96 Mich., 156; McClung v. McClung, 39 Mich., 55; Mount v. Slack, 39 N. J. Eq., 230; Stokes v. Shannon, 55 Miss., 583; McMurray v. Day, 70 Iowa, 671; Yonge v. Broxson, 23 Ala., 684.

The time begins to run, under decision in this State, upon entry of judgment. Johnson v. Smith, 14 Texas, 412; Miller v. Richardson, 38 Texas, 501; McKay v. Speak, 8 Texas, 376; O'Connell v. State, 18 Texas, 343; McIver v. McIntosh, 30 S. W. Rep. (Tex. Civ. App.), 1086; see also Encycl. of Pl. & Prac., Vol. 2, pp. 248, 249, where most of the foregoing and many other authorities are collated.

GAINES, Chief Justice.—This litigation was begun by the institution of a suit brought by Charles Fruin against Anson Mills, J. F. Crosby and Josephine Crosby, and against George Paul, to recover a balance alleged to be due from Paul under a sub-contract to furnish the material and to do the carpenter work upon a certain addition to a building belonging to the other defendants, and to enforce a lien for its payment upon the building and the lots upon which it stood. In a short time thereafter five other persons and firms each brought a similar suit against the same defendants. O. T. Bassett, the plaintiff in error, also brought a suit against Charles Fruin for material furnished and, having made the owners of the property parties defendant, sought to enforce a lien against it. That suit was brought December 31, 1889. On the same day, Paul, the original contractor, also brought suit against Mills and Crosby and wife, the owners of the property, alleging a balance due him for labor performed and material furnished by virtue of contracts with the defendants for the erection of two additions to the building, and seeking the foreclosure of a lien upon the improvements and lots for its payment.

On a motion filed in the last named case by the defendants, Mills,

·Crosby, and Mrs. Crosby, all those suits were consolidated. The consolidation was acquiesced in by all parties. The defendants last above named thereupon took leave to amend, and filed a general answer in the consolidated case. The cases were tried as one, but the court gave a separate ·charge and the jury returned a separate verdict in each original case. A general charge was also given which was applicable, in part, to each of the original suits. Judgments were entered separately also in each case, except in one or two where, by reason of some oversight, no final judgment was entered. In four of the original cases judgments were rendered against Mills, Crosby and wife, as to the liens claimed. They sought to appeal from these judgments, but their appeal was dismissed upon the ground that a final judgment had not been rendered as to all the parties ·(1 Texas Civ. App., 419). A writ of error was also sued out, and it was ·dismissed, on the same ground (4 Texas Civ. App., 504).

The defendants, Mills and Crosby and wife, then instituted proceedings in the trial court, and caused judgment to be entered nunc pro tunc as to these parties for or against whom no judgment had been entered, and from the judgments as perfected, prosecuted this appeal.

The appellees again moved to dismiss, but the motion was overruled. In disposing of the appeal upon its merits the Court of Civil Appeals reversed the judgment and remanded the cause as to Paul; affirmed it as to Cameron & Co. and T. M. Cooney & Co.; and as to Bassett, affirmed the judgment against Fruin, the sub-contractor, but as to the owners of the property, reformed it so as to give Bassett a lien only upon the improvements.

Bassett has applied for and obtained this writ of error upon a petition assigning substantially two grounds: (1) That the Court of Civil Appeals erred in not sustaining the motion to dismiss the appeal; and (2) That it also erred in decreeing that he had no lien upon the real estate for the payment of his demand against Fruin.

This meagre statement of a very complicated proceeding is sufficient for the purposes of this opinion.

We find no error in the action of the court in refusing to dismiss the appeal. The opinion of the chief justice of that court, in disposing of that question, presents an elaborate and satisfactory discussion of the points involved, and it would serve no useful purpose to add anything to what has there been said.

But we do not concur with that court in holding that Bassett had no lien upon the lots. The question is one of great difficulty. The statute which purports to fix and to provide for the enforcement of mechanics', laborers' and materialmen's liens, and which was approved April 5, 1889, went into effect ninety days after April 6, 1889, the day of the adjournment of the Legislature. The lumber for which Bassett sued was furnished to Fruin, a sub-contractor under Paul's second contract, which was entered into July 25, 1889. So that the statute referred to is applicable to the case. Section 1 of that act reads as follows:

"Any person or firm, lumber dealers, artisan, laborer, mechanic or sub-

contractor, who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement, or to repair any building or improvement whatever, under or by virtue of contract with the owner or his agent, trustee, contractor or contractors, upon complying with the provisions of this act, shall have a lien on such house, building, fixtures or improvements, and shall also have a lien on the lot or lots of land necessarily connected therewith to secure payment for labor done, lumber, material, machinery or fixtures, and tools furnished for construction or repair." (Sayles Sup. to Stats., art. 3164.)

The words "Any person or firm, lumber dealers, artisan, laborer, mechanic or subcontractor, who may labor or furnish material, etc.," are broad enough to include every workman upon a building or material man who furnishes material for its construction and, but for the limitation contained in the subsequent clauses of the section, would leave but little doubt as to the intent of the Legislature. What is meant by the language "under or by virtue of contract with the owner, or his agent, trustee, contractor or contractors," is not so clear. The more obvious interpretation would limit the right to such persons as should labor or furnish material for the owner, or his immediate contractor. But, in view of the fact that the language of statutes is frequently inaccurate, we think it admits of the construction that it includes not only persons who have contracted with the owner or the original contractor, but also all persons who labor upon or furnish material for the work, whether it be the owner, the original contractor, or any subcontractor. If the labor performed or the material furnished be such as was called for by the original contract, it does no violence to the words to say that it was performed or furnished "under and by virtue of" that contract. Whether or not the word "under" and the phrase "by virtue of" were used in a different sense, is not clear. The phrase means "by or through the authority of" (Century Dict.) "Under" has the same signification. It is also defined "in subordination to" (Worcester's Dict.); and "in conformity with" (Century). When one furnishes material to a subcontractor to be used in fulfilling the original contract, it is furnished in conformity with and in subordination to that contract. It was never intended to give a lien upon property for labor or material applied to its improvement without authority from the owner, and hence it was proper expressly to limit the lien to cases in which the latter had contracted for the improvements. A statute of New York contains a similar provision. It provides, "that any person who shall, in pursuance of any contract, express or implied, either with the owner of the property or any contractor, perform labor or furnish any material in building, altering or repairing any house, etc., or any person who has made a contract for the same, shall  *  *  *  be deemed to have an equitable lien," etc. Under this act it was held that one who furnished material or performed labor for a subcontractor was entitled to a lien. (Lumbard v. Railway., 64 Barb., 609, s. c.; 55 N. Y., 491.) In pursuance of a contract and under a contract mean the same thing, and the case is in point.

The third section of the act would also seem to indicate that a lien might exist in favor of one furnishing material to a contractor. It begins: "Any person or firm who may furnish material to any contractor," and after prescribing the mode in which such person or firm may secure and fix a lien, and designating the property upon which it may be secured, it provides that the owner shall in no case "be compelled to pay a greater sum * * * than the price or sum stipulated in the original contract between such owner and the original contractor or builder," etc. (Sayles Supl. Stats., art. 3166.) If the word "contractor" should be construed to include only the original contractor, the use of the word original in the last part of the section is unnecessary. So the fifth section, which prescribes the affidavit required in order to fix the lien of a laborer or material man, when the labor has been performed for or the material furnished to "a contractor or builder" under a contract not in-writing, is adapted as well to the case in which the person for whom the labor has been performed or to whom the material has been furnished, is a subcontractor, as to one in which he is the original contractor. While the claimant is required to make oath as to the owner of the property, and that the labor has been performed, or the material furnished, for a particular party, giving his name, under a contract between the claimant and him, he is not required to make oath that such party has a contract with the owner. (Sayles' Supl. Stats., art. 3168).

Still, it is by no means clear from this statute standing alone, that laborers or material men contracting with a subcontractor were intended to be included in its benefits. But section 37 of article 16 of our Constitution provides that "mechanics, artisans and material men of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon or material furnished therefor; and the Legislature shall provide for the speedy and efficient enforcement of such liens." This provision, in so far as it gives a lien, is as broad as language can make it. It includes material men, who furnish material, though to a subcontractor, as well as those who furnish it to an original contractor. This does not prohibit the Legislature from providing for liens in cases not mentioned; nor, as we have held, does it prevent the Legislature from making reasonable regulations for the enforcement of the liens provided for in the section. But it does not make it the duty of the Legislature to provide a speedy and efficient remedy for the enforcement of the rights conferred. The purpose of the act of April 5, 1889, was not only to declare the liens created by the Constitution, and to give liens in other cases, but also to provide a remedy by which they could be secured and enforced. The latter it was, their duty to do; and one of two propositions is true,—either the act was intended to apply to those who contracted with subcontractors, or the Legislature has neglected its duty. If the act does not apply to that class of claimants, then the Legislature has omitted to confer upon them the benefits of provisions which it has made for others, and has been derelict in the performance of a duty expressly imposed by the Constitution. A failure

to obey a requirement of the fundamental law, which the members take oath to support, should not lightly be imputed to the Legislature; and where a statute is capable of two constructions, one of which would give effect to a positive requirement of the Constitution, and the other would leave a duty unperformed, the former should prevail. If those who deal with a sub-contractor are included within the provisions of the act, then the plaintiff in error is entitled to a lien, not only upon the improvements, but also upon the lots upon which they are situate. (Sayles' Supl. Stats., art. 3170.)

We therefore conclude that the judgment of the Court of Civil Appeals as to him should be reversed, and the judgment of the trial court affirmed, in so far as it establishes the debt against Fruin and fixes a lien upon the lots and improvements; and that the cause should be remanded for the adjustment of the equities between all parties upon the final determination of the suit. And it is so ordered.

*Affirmed in part and in part reversed and remanded.*