# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE DISTRICT COURTS

---

### HUTTIG SASH & DOOR CO. v. STITT.†

### In re TEXAS PLANING MILL & MFG. CO.

#### (Circuit Court of Appeals, Fifth Circuit. December 1, 1914.)

#### No. 2616.

**1. BANKRUPTCY (§ 440\*)—"CONTROVERSY ARISING IN BANKRUPTCY PROCEEDING"—REVIEW—NATURE OF PROCEEDINGS.**

Where petitioner filed a claim for materials furnished a bankrupt as a subcontractor, to be used in the construction of a building, and also claimed a lien on property held by the trustee, the issue of petitioner's right to a lien was a controversy arising in the bankruptcy proceedings, and therefore reviewable by a petition to superintend and revise, authorized by Bankr. Act July 1, 1898, c. 541, § 24, subd. "b," 30 Stat. 553 (Comp. St. 1913, § 9608), and was not appealable under section 25, subd. "a" (section 9609).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.\*

For other definitions, see Words and Phrases, Second Series, Controversy Arising in Bankruptcy Proceeding.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**2. BANKRUPTCY (§ 440\*)—CLAIM OF LIEN—DISALLOWANCE—MODE OF REVIEW —ESTOPPEL.**

Where a building subcontractor became a bankrupt, and it was agreed that a materialman, who had furnished materials for the bankrupt, should file its claim with the referee, together with its claim of lien, and should diligently prosecute such claim to final decision in the bankruptcy court, petitioner having done this, and the referee having denied the claim of lien, the trustee was estopped to claim that the dispute as to petitioner's right to a lien was not a controversy arising in bankruptcy proceedings, reviewable by petition to superintend and revise, under Bankr. Act, § 24, subd. "b."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.\*]

**3. MECHANICS' LIENS (§ 3\*)—RIGHT TO LIEN—CONSTITUTIONAL PROVISIONS.**

Const. Tex. art. 16, § 37, providing that mechanics, artisans, and materialmen of every class shall have a lien on the buildings and articles made or repaired by them for the value of their labor done thereon or materials furnished therefor, and the Legislature shall provide by law for

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

218 F.—1     † Rehearing denied January 11, 1915.

the speedy and efficient enforcement of such liens, gives a lien to the classes of persons therein named, which exists independent of statute, so that, though the statutes of the state may provide for liens in addition to those provided for by the Constitution, they cannot impair or detract from the rights to liens confered by the constitutional provision.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 4; Dec. Dig. § 3.*]

4. MECHANICS' LIENS (§ 106*)—RIGHT TO LIEN—MATERIALMAN.

Where a bankrupt had a subcontract to furnish a building contractor with certain material and millwork called for by the general contract for the construction of a building, to be used by the contractor in the work, and the bankrupt, though having nothing to do with the placing of the material in the building, in order to perform its contract, contracted with petitioner to manufacture and furnish certain material and millwork called for by the bankrupt's contract in accordance with details furnished to petitioner for the manufacture of such materials, the same having been manufactured, supplied to the bankrupt, and used by the contractor in the building, petitioner was entitled to a lien under Const. Tex. art. 16, § 37, providing that mechanics, artisans, and materialmen of every class shall have a lien on the buildings and articles made or repaired by them for the value of their labor done thereon or materials furnished therefor.

[Ed. Note.—For other cases, see Mechanics'. Liens, Cent. Dig. § 138; Dec. Dig. § 106.*]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Texas, in Bankruptcy; Edward R. Meek, Judge.

Petition to superintend and revise an order of the District Court in favor of J. W. Stitt, trustee in bankruptcy of the Texas Planing Mill & Manufacturing Company, denying the right of petitioner, the Huttig Sash & Door Company, to a lien on property held by the trustee. Petition granted, order reversed, and cause remanded.

George Q. McGown and E. T. Murphy, both of Ft. Worth, Tex., for petitioner.

George W. Steere, of Ft. Worth, Tex., for respondent.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. [1] We do not think that the motion to dismiss the petition to superintend and revise is well taken. The ground stated in the motion is that the proper remedy open to petitioner was an appeal under subdivision "a" of section 25 of the Bankruptcy Act, and not a petition to superintend and revise under subdivision "b" of section 24 of that act. The claim filed by the petitioner against the bankrupt estate was for the sum of $1,484.30, $1,157 of which he claimed was secured by a lien on property held by the trustee in bankruptcy. The total amount claimed was allowed as an unsecured debt, but the asserted right to a lien was denied. The claim presented was not rejected, so as to confer upon the claimant the right to appeal given by subdivision 3 of section 25a of the Bankruptcy Act. Only the asserted right to a lien for a part of the amount of the claim was denied. In this respect the case was different from the one considered in Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

725, in which the claim, as it was presented, was rejected, with the result of giving the claimant the right to appeal from the judgment "rejecting a debt or claim," etc. It is also unlike the case of Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, in which an appeal was held proper, as the matter sought to be reviewed was a judgment allowing the claim made and the asserted lien for its security.

We understand the opinion in the last-mentioned case to recognize the propriety of a resort to a petition to superintend and revise under subdivision "b" of section 24 of the Bankruptcy Act, when the claimant complains of a supposed mistake of law made, not in the rejection of his claim, which in fact was allowed for its full amount, but in the court's exercise of its incidental right to consider and determine the validity of the lien for a part of the amount of the debt claimed asserted upon property in the hands of the bankrupt's trustee. The claimant has no right of appeal in such a case, his claim as he presented it having been allowed, and he may resort to a petition to superintend and revise the action of the court in dealing with an incident of that claim, the asserted right to a lien. The controversy resulting from the assertion of the right to a lien on the bankrupt's property to secure part of the allowed debt owing by him is to be regarded as one arising in the bankruptcy proceeding, within the meaning of section 24 of the Bankruptcy Act, and the order by which that controversy was disposed of is subject to review in the manner provided for by subdivision "b" of that section. Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; In re Doran, 154 Fed. 467, 83 C. C. A. 265; Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116.

[2] Furthermore, we think that an agreement, set out in the record, which the bankrupt, his trustee, the original contractor, and the claimant entered into before the latter presented his claim against the bankrupt estate, and in pursuance of which the claim was presented, shows that it was distinctly recognized by all parties that the subject of controversy between the creditor on one side and the bankrupt and his trustee on the other side was the legal question of the right of the former, under the state of facts which was agreed upon, to the lien claimed, and that it was understood that that question would be presented as a controversy arising in the bankruptcy proceeding on a claim to be filed by the creditor for the full amount of the debt due to it. The substance of one of the provisions of that agreement was that the creditor would in due time file with the referee in bankruptcy a properly proven claim for the amount of its debt against the bankrupt, claiming, because of the furnishing of the materials and millwork as above stated, a mechanic's and materialman's lien upon the building in the construction of which they were used and upon the lot on which that building was erected, and that it would diligently prosecute said claim to a final decision in the bankruptcy court. In view of that agreement, and of the creditor's proceedings in conformity with its terms, it hardly is consistent for the bankrupt or its trustee to contend that the action of the court in determining the legal question in dispute was not the disposition of a controversy arising in the bankruptcy proceedings in the manner contemplated by the parties to it, or that that disposition of

that legal question is not subject to be reviewed on a petition to superintend and revise the action of the court in the matter of law so arising in the bankruptcy proceeding on the claim as it was presented pursuant to the agreement. It was in effect agreed in advance that the disputed question of law should arise in the proceedings in bankruptcy on the creditor's claim for the full amount of the debt owing to it, only a part of which amount was claimed to be secured by the asserted lien; and the record shows that it did so arise, as contemplated by the parties.

The controversy in this case is as to the asserted right of the claimant to a lien on a building for the price of certain material and millwork supplied by it under a contract with the bankrupt and which was used in the construction of that building. One McCoy was the original and general contractor for that building. Under a contract with him the bankrupt undertook to furnish to him certain material and millwork, called for in the contractor's contract with the owner of the building, and to be used by the contractor in the construction of the building; the bankrupt having nothing to do with the placing of the material and millwork in the building. The bankrupt, in turn, in order to perform its contract with McCoy, entered into an agreement with the claimant whereby the latter undertook to furnish to the bankrupt certain material and millwork called for by the bankrupt's contract with McCoy. Under this agreement the bankrupt made and caused to be made details from the plans and specifications of the building, and supplied these details to the claimant to be observed by the latter in the manufacture and supply of the material and millwork called for by its contract with the bankrupt. The claimant manufactured and supplied the material and millwork in accordance with those details, shipped the same to McCoy, as directed by the bankrupt, and the things so supplied were accepted by both the bankrupt and McCoy as being the same as were called for by the latter's contract for the building, and were used and placed by McCoy in the construction of the building. The referee found that the claimant had complied with the statutory requisites for fixing a lien, but denied it the lien asserted by it. The order of the referee to this effect was affirmed by the District Court.

[3] Section 37 of article 16 of the Constitution of the state of Texas provides that:

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

This provision, as it has been construed by the Supreme Court of Texas, gives a lien to the classes of persons therein named, and such lien exists independent of any statute. That court has expressly recognized that the provision, "in so far as it gives a lien, is as broad as language can make it." Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; Warner Elevator Mfg. Co. v. Maverick, 88 Tex. 489, 30 S. W. 437, 31 S. W. 353, 499. Statutes may provide for liens in addition to those provided for by the Constitution, but cannot impair or detract from the rights to liens which the quoted provision of the Constitution confers.

A Texas statute (article 5621, Rev. Civil Stat. of Texas 1911) provides as follows:

"Any person, or firm, lumber dealer, or corporation, artisan, laborer, mechanic, or subcontractor, who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement or to repair any building or improvement whatever, * * * within this state under or by virtue of a contract with the owner or his agent, trustee, receiver, contractor or contractors, upon complying with the provisions of this chapter, shall have a lien on such house, building, fixtures, * * * to secure payment for the labor done, lumber, material, machinery or fixtures * * * furnished for construction or repair."

In the case of Bassett v. Mills, supra, the question was presented of the right under this statute to a lien claimed by one who furnished labor and material for a building to a subcontractor; the claimant having had no dealing with the original contractor. It is to be noted that the statute does not in express terms provide for a lien in favor of such a person. In deciding that there was a lien as claimed, the court, in the course of the opinion rendered, said:

"It is by no means clear from this statute, standing alone, that laborers or materialmen contracting with a subcontractor were intended to be included in its benefits. But section 37 of article 16 of our Constitution provides that 'mechanics, artisans and materialmen of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon or material furnished therefor; and the Legislature shall provide for the speedy and efficient enforcement of such liens.' This provision, in so far as it gives a lien, is as broad as language can make it. It includes materialmen who furnish material, though to a subcontractor, as well as those who furnish it to an original contractor. This does not prohibit the Legislature from providing for liens in cases not mentioned; nor, as we have held, does it prevent the Legislature from making reasonable regulations for the enforcement of the liens provided for in the section. But it does not (?) make it the duty of the Legislature to provide a speedy and efficient remedy for the enforcement of the rights conferred. The purpose of the act of April 5, 1889, was not only to declare the liens created by the Constitution, and to give liens in other cases, but also to provide a remedy by which they could be secured and enforced. The latter it was their duty to do; and one of two propositions is true—either the act was intended to apply to those who contracted with subcontractors, or the Legislature has neglected its duty. If the act does not apply to that class of claimants, then the Legislature has omitted to confer upon them the benefits of provisions which it has made for others, and has been derelict in the performance of a duty expressly imposed by the Constitution. A failure to obey a requirement of the fundamental law, which the members take oath to support, should not lightly be imputed to the Legislature; and where a statute is capable of two constructions, one of which would give effect to a positive requirement of the Constitution, and the other would leave a duty unperformed, the former should prevail. If those who deal with a subcontractor are included within the provisions of the act, then the plaintiff in error is entitled to a lien, not only upon the improvements, but also upon the lots upon which they are situate." Bassett v. Mills, 89 Tex. 162, 167, 34 S. W. 93, 95.

[4] While what was decided in that case was that there was a lien in favor of all persons who labor upon or furnish materials for the work, whether the contract under which this was done was with the owner, the original contractor, or a subcontractor, yet nothing said in the opinion indicates that the lien would not exist in favor of one who furnished material for use in the building under a contract, not with either the owner, the contractor, or a subcontractor, but with another

materialman, who had contracted with the original contractor to supply material for the building. On the contrary, the expressions used in the opinion are persuasive in support of the conclusion that the constitutional and statutory provisions in question are to be so liberally construed in favor of the classes of persons sought to be protected as to make them cover the case of a materialman who furnishes material for the construction of a building, though he does so under a contract, not with the owner, the contractor, or a subcontractor, but with another materialman who had a contract with the original contractor to furnish that material for that building. The materialman belongs to a class provided for, if the material he furnished was for use in the particular building in which it was in fact used. 27 Cyc. 48.

We are of opinion that the facts of the instant case bring the claimant within the scope of the provisions mentioned. The materials he supplied were manufactured pursuant to details furnished to him from the plans and specifications of the particular building, in the construction of which they were actually used. Materials manufactured and supplied in such circumstances are to be regarded as furnished, not as a manufacturer or dealer furnishes from his stock goods to a purchaser, without regard to their destination or the use to which ultimately they may be put by the purchaser, but for the purpose of being used in the particular building, the plans and specifications presumptively exclusively applicable to which were conformed with in their manufacture and preparation. The claimant could not well have supposed that the material and millwork he furnished were to be used otherwise than in the structure the plans and specifications for which were followed in their production. The conclusion is that he was entitled to the lien as claimed. Any other conclusion would hardly be consistent with the broad and liberal provisions of the law under which the claim of the right to a lien is made.

The petition is granted, the order of the court below is reversed, and the case is remanded for further proceedings in conformity with the conclusions above stated.