## PUBLIC NAT. BANK & TRUST CO. v. FORTINBERRY.

### No. 9751.

Court of Civil Appeals of Texas. Galveston.
July 8, 1932.

Rehearing Denied Sept. 29, 1932.

Andrews, Streetman, Logue & Mobley, W. L. Cook, and Gainer B. Jones, all of Houston (Jas. E. Kilday, W. M. Streetman, and Homer E. Mabry, all of Houston, of counsel), for appellant.

William H. Scott, of Houston, for appellee.

PLEASANTS, C. J.

This is a suit by appellee, H. L. Fortinberry, trustee in bankruptcy of the estate of Thacker Building & Lumber Company, to recover from appellant the sum of $8,622.42, alleged to have been paid appellant by the Thacker Company after it became insolvent, and when appellant knew, or had reason to believe, that such payment was an unlawful preference by which it obtained a greater per cent. of the indebtedness due it by the bankrupt Thacker Company than other creditors of the company of the same class.

The defendant answered by general demurrer and special exceptions to plaintiff's petition and by general denial, and also by special denial of some of the allegations of the petition, and specially pleaded facts relied on to show that the money received by it from the bankrupt did not constitute a preference in its favor over other creditors of the same class.

The pleadings need not be further shown, since there is no contention that they are not sufficient to present the issues upon which the case was tried in the court below and which are now presented for our determination.

The trial in the court below without a jury resulted in a judgment in favor of appellee for the sum of $2,806.16, with interest at 6 per cent. from January 27, 1928.

The evidence shows that the indebtedness, the payment of which appellee seeks to recover on the ground that it constituted an unlawful preference over other creditors of the

bankrupt estate, arose through the following transactions:

About August 1, 1927, J. G. Johnson and wife executed and delivered to one Evans two promissory negotiable notes in the sum of $8,500 each, due ninety days after date. The notes were secured by a constitutional, statutory, and contract mechanics' and materialmen's lien. They were in payment for materials and labor to be furnished in the construction of two houses for the Johnsons. These houses were to be constructed on lots 6 and 7, block 4, Temple Terrace addition to the city of Houston. Neither house was a homestead. Thacker Building & Lumber Company actually furnished the money and materials therefor to build the houses for the Johnsons.

The notes and liens securing their payment were indorsed and assigned by Evans to Thacker Building & Lumber Company, and about August 3, 1927, Thacker Building & Lumber Company indorsed, assigned, and pledged said notes and liens to appellant as security for a loan made by appellant to said Thacker Building & Lumber Company.

Later, during November of 1927, National Bond & Mortgage Corporation loaned J. G. Johnson and wife $8,500 on each of the Johnson lots and improvements, taking separate deeds of trust liens thereon. At the time this loan was made and mortgage executed, the notes and liens which had been previously executed and were then held by appellant, as before shown, were not recorded, but the time for filing such liens fixed by our statutes had not expired, and did not expire until after the payments sought to be recovered in this suit had been made.

Pursuant to a written order from the Johnsons, National Bond & Mortgage Corporation paid to Thacker Building & Lumber Company $9,767.75 out of this $17,000 loan. The remaining portion of said loan was used by National Bond & Mortgage Corporation to pay off a vendor's lien of about $6,000 on the lots on which the houses were built and for the expenses incident to the making of the new loan from National Bond & Mortgage Corporation. At the time the National Bond & Mortgage Corporation made this new loan, the buildings on the lots in question had just been completed, and the officers, agents, servants, and employees of that corporation knew this, although they did not have actual notice that the notes and liens had been assigned and pledged to appellant. The trial court found that National Bond & Mortgage Corporation had sufficient notice of these facts to require inquiry by it concerning the previous notes and liens.

The Thacker Building & Lumber Company did not give the Johnsons releases from the original liens when the new loan was made from the National Bond & Mortgage Corporation. The order from the Johnsons to the National Bond & Mortgage Corporation directing it to turn the proceeds of the new loan over to the Thacker Building & Lumber Company read in part: "Such payment being made to pay said ——— for labor and for material entering into the erection of said improvements on the above mentioned premises."

Thacker Building & Lumber Company did not apply the amount of money ($9,767.75) thus obtained on the new loan to the payment of the notes held by and pledged to the appellant, but placed it on deposit to the account of Thacker Building & Lumber Company, and paid other debts of the Thacker Building & Lumber Company with part of same. The sum of $7,232.25, remaining out of the $17,000 obtained on the second loan, was not turned over to the Thacker Building & Lumber Company, but, as above stated, was used by National Bond & Mortgage Corporation in paying for the lots on which the houses were built and for incidental expenses in connection with making the new loan.

During the month of January, 1928, the Thacker Building & Lumber Company made several payments on its indebtedness to appellant, which indebtedness, as stated, was secured by the pledge of the original Johnson notes and the liens securing the same. On January 27, 1928, the Thacker Building & Lumber Company made the last of such payments, paying to appellant the sum of $2,806.16, being the amount involved herein; this payment being made within the four months' period prior to bankruptcy, which was adjudged and declared on February 28, 1928.

At the request of appellant, the trial court filed findings of fact and conclusions of law. These fact findings are in full accord with the statement of the facts which we have before set out, and contain the further fact findings as to the two Johnson notes:

"I find that Thacker Building & Lumber Company became the debtor of the Public National Bank of Houston on the 3rd day of August, 1927, as the result of a transaction involving the execution by the debtor company of two promissory notes, in the principal amount of $10,000.00 each, bearing interest at the rate of ten per cent from maturity, one of said notes being payable on October 1, 1927, and the other on November 1, 1927.

"The payment of said indebtedness as thus evidenced was secured by the assignment and pledge to said Bank by said Thacker Building & Lumber Company of collateral security, described as follows:

"Two promissory notes dated August 1, 1927, executed and delivered by J. G. Johnson and Naomi Johnson, his wife, payable to the order of D. R. Evans, and in due course assigned and endorsed by him to Thacker Building & Lumber Company and by it to the Bank,

payable on or before 90 days after date, bearing interest at the rate of eight per cent per annum. The said collateral notes were negotiable in form and for the principal amount of $8,500.00 each. The payment of said collateral notes was secured by a written mechanics' and materialmen's lien contract, executed and delivered to the said Evans by said Johnson and wife, which contract and lien were duly assigned, with said notes, by said Evans to Thacker Building & Lumber Company and by it to the Bank. This was further evidenced by a Deed of Trust executed by Johnson and wife, which also was duly assigned in the manner above stated. The mechanics' and materialmen's lien, as well as the Deed of Trust lien aforesaid, was fixed and established upon two certain lots in the City of Houston, Harris County, Texas, described as Lot Six (6), of Block Four (4), of Temple Terrace Addition to the City of Houston, and Lot Seven (7), in Block Four (4), of the same addition.

"At the time of the payments alleged to be preferential by plaintiff in this suit, said lots, with the improvements thereon, were reasonably worth Fifteen Thousand Dollars ($15,000.00).

"The original indebtedness to the Bank above described, evidenced by the two notes aforesaid, was reduced from time to time and the notes were extended.

"At the beginning of the four months antedating the filing of the petition in bankruptcy, there was owing to the bank on said indebtedness the amount of $15,000.00.

"I find that there was a first lien upon the lots above mentioned, securing the payment of the two collateral notes aforesaid pledged to the Bank to secure the indebtedness above described, and that, by virtue of the fact findings above mentioned, Public National Bank had at the time of each and all of the payments above mentioned full and adequate security for the amount of all said payments.

"On January 25, 1928, the Public National Bank received from T. D. Thacker, President of the Thacker Building & Lumber Company, a deed signed by him individually and conveying to Carter Stewart, Trustee, certain property on Washington Avenue, in the City of Houston, fully described in the evidence, and intended to supplement the security held by the Bank for the remaining indebtedness, then existing of the indebtedness above described, being an amount at that time of $9,684.24. Subsequent thereto, the payment above set forth as having been made on Jan. 27, 1928, was accomplished and at the same time and as a part of the same transaction, the Bank surrendered to Thacker Building & Lumber Company, through its agent, the above described security, consisting of the Johnson notes and the lien papers assigned therewith to the Bank. The consideration for the surrender of this collateral as shown by the evidence, was the payment of the sums mentioned and the placing of some further security by T. D. Thacker, individually, and the Thacker Building & Lumber Company executing a general assignment for creditors. The said other security was later surrendered by the Bank to the Trustee in Bankruptcy, except as to the security placed by T. D. Thacker, which consisted of stock in Thacker Building & Lumber Company of no value and which the Trustee in Bankruptcy, in open court, declared was of no value and that he did not want it.

"At the time National Bond & Mortgage Corporation made the loans and accepted the security above described, there had just been completed by Thacker Building & Lumber Company upon the two lots mentioned certain improvements, as shown in the evidence. Said improvements were constructed thereon by Thacker Building & Lumber Company as general contractor, which fact was known by National Bond & Mortgage Corporation, said Corporation being fully advised that Thacker Building & Lumber Company had provided the labor and furnished the material for all said improvements. As evidence of its knowledge in the premises, it is shown in the evidence that it took affidavits from T. D. Thacker to the effect that all laborers and materialmen had been fully paid in respect to said improvements. It is also a fact that National Bond & Mortgage Corporation knew said improvements were constructed for Johnson and wife, at that time residing in Houston, Harris County, Texas. They were present in the office of said National Bond & Mortgage Corporation and signed the loan papers. I find that said National Bond & Mortgage Corporation was on notice sufficient to require inquiry."

The court further finds that the payment by the Thacker Company to appellant of $800 on January 13, 1928, and the two payments of $3,165.76 and $2,650 made on January 23, 1928, were made in due order of business without knowledge on the part of the appellant of the insolvency of the Thacker Company, but that, at the time of the payment of $2,806.16 on January 27, 1928, appellant "knew that the Thacker Building & Lumber Company was insolvent and that such payment would prefer and did prefer the Public National Bank as a creditor of Thacker Building & Lumber Company and that by such payment Public National Bank was enabled to obtain from the Thacker Building & Lumber Company a greater percentage of the assets than other unsecured creditors. In this connection I find that the Public National Bank was an unsecured creditor of the Thacker Building & Lumber Company in as much as the notes which Thacker Building & Lumber Company owed to Public National Bank were secured by liens on property which be-

longed to J. G. Johnson and wife, Naomi Johnson.

"I find that the property which was delivered by the Public National Bank to T. D. Thacker consisted of liens on the property of J. G. Johnson and wife, Naomi Johnson, and formed no part of the estate of Thacker Building & Lumber Company and was not property subject to administration by the Bankrupt Court.

"I further find from the agreement of both parties and as agreed that the Thacker Building & Lumber Company was insolvent on all the days and dates when the alleged payments were made and during the entire four months next preceding February 27, 1928, when the petition for bankruptcy was filed."

Under appropriate assignments and propositions, appellant's brief presents for our consideration and determinations the questions hereinafter discussed and decided. These assignments and propositions, which complain of a number of the trial court's conclusions of law, are all based upon the first and second propositions presented in appellant's brief, which are as follows:

"The trial court erred, to the prejudice of the defendant, in rendering any judgment against it, because, under the undisputed evidence and according to the findings of fact made by the trial court, the defendant did not receive any preference, having given up adequate security at the time the alleged preference was consummated which resulted in no benefit to the defendant; and further, because if any benefit accrued to any one by reason of said payment, it accrued to the Johnsons or the National Bond and Mortgage Corporation, and not to the Public National Bank and Trust Company, the defendant below and the appellant here.

"By the hypothecation of the Johnson notes and the assignment of such notes and liens securing the payment thereof to appellant, appellant became a creditor of Thacker Building & Lumber Company, secured by property of that company. After National Bond and Mortgage Corporation paid $9,767.75 to Thacker Building & Lumber Company at Johnson's order, and at the time the alleged preferential payment was made, appellant still remained a secured creditor of appellee, secured by appellee's property interest in the notes and liens pledged, which interest, in any event, was as much as the difference between $17,000.00 and $9,767.75 and was sufficient to cover the alleged preferential payments made. Appellant was, therefore, a secured creditor within the meaning of the bankruptcy statutes, the payment in question did not constitute a preference and the trial court's judgment in favor of appellee for $2,806.16 should be reversed and the cause rendered in favor of appellant or, if not rendered, reversed for new trial."

We think these propositions should be sustained. The court having found upon ample, if not undisputed, evidence that at the time the payments by the Thacker Company, which are attacked in this suit as preferential, were made to appellant, it held securities given it by the Thacker Company more than sufficient to satisfy the amount owed it by the insolvent company, and that appellant at the time the last of these payments were made on January 27, 1928, surrendered such securities to the Thacker Company and subsequently surrendered to the trustee additional security it had received from the Thacker Company on January 25, 1928, it seems clear to us that appellant cannot be forced to return the payments received by it on the ground that they constituted an unlawful preference by which it obtained a greater per cent. of the indebtedness due it by the bankrupt estate than other creditors of the same class. If these payments had not been made to it before its debtor had been adjudged a bankrupt, it could have enforced its lien through the bankruptcy proceedings, and, the security obtained by it from the bankrupt estate being more than sufficient to pay its debt, and primarily liable therefor, the other creditors only had an interest in the excess of the value of the security over the amount due appellant by the bankrupt estate. These securities having been surrendered by appellant to the Thacker Company and to the appellee trustee, and all the creditors being entitled to share in their proceeds, we are unable to see how appellant has obtained a preference in the payment of its indebtedness.

The term "secured creditor" is thus defined in the Bankruptcy Act: " 'Secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this title, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets." United States Code, Annotated, title 11, § 1, clause 23, being clause 23, § 1, Bankruptcy Act.

The notes and lien assigned by the Thacker Company to appellant as security for appellant's loan were certainly property of the bankrupt of an assignable nature. These notes and liens were valid and enforceable, and, having been given to the original contractor, Evans, and assigned by him to the Thacker Company in payment for material and money furnished by it in the construction of improvements upon the property of the makers of the notes and liens, we fail to see how it can be held that such notes and liens were not property of the Thacker Company, in the purview of the Bankruptcy Act, before quoted. Warner Elevator Mfg. Co. v. Maverick, 88 Tex. 493, 30 S. W. 437, 31 S. W. 353, 499; Huttig Sash & Door Co. v. Stitt (C. C. A.) 218 F. 1; Strang v. Pray, 89 Tex. 529, 35 S. W.

1054; Guarantee Savings, Loan & Investment Co. v. Cash (Tex. Civ. App.) 87 S. W. 749; Thelander v. Becker (Tex. Civ. App.) 199 S. W. 848.

The fact that the property securing the liens and notes transferred by the Thacker Company to appellant to secure its indebtedness to appellant belonged to the Johnsons could not, in our opinion, possibly affect the status of those liens and notes as assignable property of the Thacker Company which would pass to the trustee in bankruptcy as assets of the bankrupt estate.

These conclusions render a discussion of the other questions presented by appellant's brief, and the cross-assignments presented in appellee's brief complaining of the refusal of the trial court to render judgment in his favor for all of the payments to appellant claimed in his petition as preferential, unnecessary.

We are of opinion that the judgment of the trial court should be reversed, and judgment here rendered for appellant that appellee take nothing by his suit, and it has been so ordered.

Reversed and rendered.