Ms. Rhonda K. Slayden, Director State Board of Collection Agencies 217 W. 2nd, Suite 325 Little Rock, Arkansas 72201
Dear Ms. Slayden:
This is in response to your request for an opinion on the following two questions:
 1. Whether A.C.A. § 17-21-102(a)(9) would exempt a child support collection service from obtaining a collection agency license? We are aware of an agency that is claiming exemption under this statute due to the fact that they are collecting child support that has been ordered by a court.
 2. If this child support collection service is not exempt under the above statute, would a Power of Attorney from the person to whom child support is owed to the child support collection service have any effect on their non-exempt status?
In response to your first question, it is my opinion that A.C.A. § 17-21-102 would not exempt a child support collection service from obtaining a collection agency license merely by virtue of the fact that the child support it collects has been reduced to judgment. In response to your second question, it is my opinion that a power of attorney would not affect this non-exempt status unless the collection agency is in fact purchasing the child support claims and collecting them in its own name.[1]
The provision cited above, A.C.A. § 17-21-102(a)(9), contains an exception to the requirement of a collection agency license. It exempts:
 (a)(9) Persons, firms, corporations, or associations handling claims, accounts, or collections under an order of any court. Any person, firm, corporation, or association which, for a valuable consideration, purchases accounts, claims, or demands of another and then, in such purchaser's own name, proceeds to assert or collect the accounts, claims, or demands. [Emphasis added.]
This provision, in the first sentence, exempts persons, etc., handling claims "under an order of any court." In my opinion, this phrase does not mean that any person who collects any claim that has been reduced to judgment by a court (such as a child support order) is exempt from obtaining a collection agency license. Rather, in my opinion, that phrase exempts persons, firms, etc., "handling" claims "under an order of any court," meaning that the person, firm, etc., has been ordered in some fashion by a court to "handle" the claim (e.g., a bankruptcy trustee). The word "under" has sometimes been held to be synonymous with "by" or "by virtue of." See generally, Statev. Ritchie, 172 La. 942, 136 So. 11 (1931); Bassett v. Mills,89 Tex. 162, 34 S.W. 93 (1896).
It is therefore my opinion that the answer to your first question, absent such an order of the court, is "no."
In response to your second question, it is my opinion that the power of attorney which you describe would not, without an actual purchase of the claim, render the firm exempt from obtaining a collection agency license. There is no exemption in A.C.A. §17-21-102 for firms obtaining powers of attorney. The second sentence of A.C.A. § 17-21-102(a)(9) exempts firms which, "for avaluable consideration, [purchase] claims . . . and then in [their] own name [proceed] to . . . collect the . . . [claim]." (Emphasis added.) It appears that the child support collection service in question believes that the power of attorney renders it exempt from licensure because, by virtue of the power of attorney, it collects claims in its own name. This is not sufficient for exemption under the statute. The firm must in factpurchase the claim, and collect it for its own benefit in order to be exempt under this provision of the statute. See however
note 1 supra. See also generally Op. Att'y Gen. No.90-041, a copy of which is enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] This opinion does not intend to imply, however, that the purchasing of child support claims would be a lawful practice. This issue does not appear to have been addressed by any court. For purposes of exemption from the collection agency licensing statutes, however, this type of purchase, if lawful, would be necessary.