## WILLIAM GREEN v. J. D. MARTIN.

APPEAL.—An affidavit by one desiring to appeal from a judgment of the District Court that affiant " is unable to give the appeal bond necessary in this case to affect his appeal taken on the court overruling his motion for new trial," is not a compliance with the statute, which entitles one to appeal who will make oath that " he is unable to give bond and security for costs as may be required by law." (2 Paschal's Dig., art. 6180.)

On motion to file a transcript—

*William Clark*, for the motion.

*Peyton C. Edwards, contra.*

ROBERTS, CHIEF JUSTICE.—The motion is filed 1st November, 1875, to file a transcript which should have been filed on the first assignment, the 4th day of October, 1875. Appellee's attorney waives service of notice of this motion as attorney for J. D. Martin.

Upon examining the record to ascertain whether or not the record would be properly filed in this court, if leave was granted, it is found that after giving notice of appeal the defendant below filed in that court an affidavit as follows: "And now comes defendant, William Green, and says that he is unable to give the appeal bond necessary in this case to affect his appeal, taken on the court overruling his motion for a new trial." This oath was intended to be a compliance with the statute, which prescribes that he shall make affidavit that "he is unable to give bond and security for costs, as may be required by law." (2 Paschal's Dig., art. 6180.) This requires, as we have previously decided, that he shall swear that he is not able to give bond and security for costs. By giving bond for cost he can bring the case to this court by writ of error, which has ever been regarded simply as a mode of appeal. It is not believed to have been the object of the law to give

the party making it the right to have the judgment super-
ceded in any degree, as would be the case if it is held to
be tantamount to a bond for cost and damages on appeal.
He might well be able to give a bond for the costs only, by
which he could obtain a writ of error, (an appeal in effect,)
when he could not give a bond for cost and damages, or
for the debt, damages, and cost. Considering, therefore,
the wording of the law, in reference to the subject-matter,
we think the affidavit to secure the appeal should state
that the party is not able to give a bond for security for
the costs, and should not be so shaped, as it is in this case,
to embrace his inability to give a bond for the cost and
damages, or for the debt, damages, and cost.

The affidavit not being sufficient, the leave to file the
transcript is refused, without considering the question of
diligence in the effort to file it in this court in proper time.

REFUSED.