## Gainesville, Henrietta & Western Railway Company v. Mollie M. Lacy.

### No. 1804.

**Jurisdiction on Appeal—Writ of Error After Appeal Heard.**—Where an appeal has been prosecuted to judgment in the Court of Civil Appeals and its judgment affirmed by the Supreme Court, the former court is without jurisdiction to again determine the cause upon a writ of error prosecuted to it from the trial court before the appeal was heard, or to affirm the judgment below on certificate in such writ of error cause.

Error from Clay.   Tried below before Hon. George E. Miller.

*J. F. Carter*, for the motion.

*Swan & Swain*, contra.

Tarlton, Chief Justice.—On April 7, 1891, Mollie M. Lacy recovered in this cause a judgment against the Gainesville, Henrietta & Western Railway Company, and against George A. Eddy and H. C. Cross, receivers of that company.   From that judgment an appeal was prosecuted to our Supreme Court, which transferred the cause to this court upon its organization.

A cost bond on appeal was filed by appellants.   Afterwards, the appellee having taken steps to secure an enforcement of her judgment, the appellants, in order to suspend its execution, sued out a writ of error to our Supreme Court, and filed a supersedeas bond.

These writ of error proceedings were had in July, 1891, and at the time an agreement in writing was executed by the attorney representing Mollie M. Lacy and the attorneys representing the plaintiffs in error, to the effect, that as the matters in controversy upon appeal were the same as those involved upon writ of error, and as all parties were "desirous to avoid extra cost and expense, the writ of error need not be prosecuted," but that it should await and abide the result of the appeal, and that no efforts would be made to proceed further in the cause, or to procure an affirmance on certificate on account of a writ of error proceeding until after the appeal should have been decided, and that the writ of error proceeding should abide the result of the appeal.

On June 21, 1893, the appeal was considered by this court, and the judgment of the lower court was affirmed as against the receivers, H. C. Cross and George A. Eddy, and it was reversed and here rendered as to the Gainesville, Henrietta & Western Railway Company.   On September 27, 1893, a motion for a rehearing urged by the appellants was overruled by this court.

Subsequently a writ of error, on the application of the appellants, was granted by our Supreme Court to this court, and the cause was thus removed from this court to the Supreme Court. On December 14, 1893, the cause was considered by our Supreme Court, and the judgment of this court was affirmed.

The plaintiffs in error having failed to file in this court a transcript with the writ of error proceedings, we are now asked to affirm the judgment on certificate. This motion we conclude we are without jurisdiction to sustain.

The cause which we are now asked to consider is the same case as that heretofore determined by us, which has passed from our jurisdiction by the granting of the writ of error by our Supreme Court. It involves the same issues, and concerns the same parties. It in no way lost its identity on account of the fact that a writ of error was sued out.

If we have jurisdiction to affirm this case on certificate, we would have jurisdiction to affirm it were it presented upon a transcript of all the proceedings had in the trial court; and if we could' thus consider it, we would be empowered, were different assignments of error, perhaps, presented, to reverse the judgment which we have heretofore affirmed. We do not think that our system of judicature contemplates the existence of such an anomaly.

A writ of error·is but a cumulative method of invoking the appellate jurisdiction of this court, and of seeking a revision of the same cause and the same questions as could be adjudged if our appellate jurisdiction were invoked by means of an appeal. A suit remains the same, whether the method adopted is by appeal or by writ of error. By each method the whole case, involving issues of law as well as of fact, is submitted for revision to this court. Magee v. Chadoin, 44 Texas, 488; Harle v. Langdon, 60 Texas, 555; Railway v. Jackson Bros., 85 Texas, 605.

It is true that had the method by appeal and cost bond been resorted to and subsequently abandoned before recourse was had to a writ of error, this court would have been empowered to act upon the case presented to it by the latter method. Thompson v. Anderson, 82 Texas, 237. But we know of no case—and we apprehend that none will be found—which will authorize us, after having adjudicated the issues involved in a cause, and presented to us fairly and fully on appeal, to take jurisdiction of the same case presented to us by writ of error.

It may be that the defendant in error is not without remedy by way of an action on the supersedeas bond filed in this cause. Trent v. Rhomberg, 66 Texas, 249. We will not, however, be understood by this remark to intimate an opinion on this question.

For the reasons stated, the motion is refused.

*Motion refused.*

Delivered April 25, 1894.