### BRODERICK & BASCOM ROPE CO. v. WACO BRICK CO.

(Court of Civil Appeals of Texas. Austin. Oct. 23, 1912.)

1. APPEAL AND ERROR (§ 1071*)—HARMLESS ERROR—FINDINGS OF FACT—DUTY TO MAKE.

When a case is tried before a judge without a jury, the judge's refusal to file findings of fact, when required to do so, is reversible error; though, if it should appear from the statement of facts that no other judgment could properly have been rendered, a failure to file findings of fact may not be reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

2. APPEAL AND ERROR (§ 557*)—STATEMENT OF FACTS—DUTY OF JUDGE.

When the parties fail to agree on a statement of facts, and the appellant presents his statement to the trial judge, and requests him to prepare and file a statement of facts, it is the statutory duty of the judge to do so, and, on his failure to file such statement, appellant is entitled to a reversal, and the granting of a new trial. The fact that the trial judge could not remember all the testimony at the time he was requested to prepare and file a statement of facts affords no reason why this court should not grant appellant relief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2480–2482; Dec. Dig. § 557.*]

3. APPEAL AND ERROR (§ 347*)—TIME OF TAKING APPEAL—ENTRY OF JUDGMENT NUNC PRO TUNC.

An appeal may be prosecuted within the statutory period after the entry of a judgment nunc pro tunc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1897–1899; Dec. Dig. § 347.*]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action between the Broderick & Bascom Rope Company and the Waco Brick Company. Judgment for the Waco Brick Company, and the Broderick & Bascom Rope Company appeals. Reversed and remanded.

H. P. Jordan and H. M. Harris, both of Waco, and R. L. Neal, of· Dallas, for appellant.

KEY, C. J. Appellant's brief presents but two questions for decision, and these are, first, error in the refusal of the trial judge to file findings of fact and conclusions of law; and, second, error on the part of said judge in refusing to prepare and file a statement of facts, after being requested by appellant so to do, and after the parties had failed to agree upon a statement of facts. No brief has been filed on behalf of appellee. The record shows that the case was tried before the judge without a jury, and a judgment rendered for appellee on October 14, 1911. On October 16, 1911, appellant filed a written motion for a new trial, which was not presented to nor ruled upon by the trial court. That term of court ended by final adjournment on October 21, 1911, without the judgment which had been rendered against appellant being entered of record. On November 16, 1911, appellee filed a motion to have said judgment entered of record nunc pro tunc. On November 18, 1911, appellant filed an amended motion for a new trial. On December 22, 1911, the court overruled appellant's motion for new trial, and granted appellee's motion, and entered of record nunc pro tunc the judgment which had been rendered October 14th, in favor of appellee and against appellant for $360.

The record shows that appellant excepted to the judgment and gave proper notice of appeal at the time it was originally rendered on October 14, 1911, and at the time it was entered of record nunc pro tunc December 22, 1911; and on the latter day appellant requested the judge to make out and file conclusions of fact and law. That term of court expired on the 23d day of December, 1911, and on the 9th day of January, 1912, appellant presented to the trial judge a bill of exceptions, showing that he had not complied with the request to file conclusions of law and fact, which he approved, with the explanation that when the request was first made, and before the expiration of the time allowed for filing such conclusions of fact and law, counsel for appellant filed a motion for a new trial, and never presented the same to the court before the expiration of that term, and the trial judge was of the opinion that the request for such findings at the subsequent term came too late. It is also made to appear that, when judgment was entered nunc pro tunc, an order was made granting appellant 20 days from December, 22, 1911, in which to prepare and have approved and filed a statement of facts; that on January 7th appellant prepared and presented a statement of facts to appellee; that the parties failed to agree upon a statement of facts, and on January 9th appellant presented its statement of facts to the trial judge, who refused to approve it, whereupon appellant requested the judge to prepare and file a statement of facts, which he failed to do. In explanation of such failure, the trial judge stated in the bill that statement of facts presented to him by appellant was only partial, did not state the essential testimony of the appellee, and that he (the judge) could not at that time sufficiently remember the evidence to prepare a statement of facts, and that counsel for appellee declined and neglected to present a statement of facts at any time.

[1] We sustain both the assignments, and hold that the case must be reversed upon each and both of appellant's contentions. When a case is tried before the judge without a jury, it is well settled, as a general proposition, that it is reversible error for the judge to refuse when requested to do so, to file findings of fact. Callaghan v. Grenet, 66 Tex. 237, 18 S. W. 507; Wandry v. Williams, 103 Tex. 91, 124 S. W. 85. If it should appear in any case from the statement of facts that no other judgment could properly have been rendered, then it might be proper to hold that the case should not be reversed on account of the error in failing to file findings of fact; but in this case there is no statement of facts.

[2] As to the other point presented, the law is equally clear. When the parties fail to agree upon a statement of facts, and the appellant presents his statement to the trial judge, and requests him to prepare and file a statement of facts, the statute makes it his duty to do so; and, if he fails to perform that duty, the appellant is entitled to relief, and the only relief that can be awarded is a reversal of the case and the granting of a new trial. The fact that in this case the trial judge could not remember all of the testimony at the time he was requested to prepare and file a statement of facts can afford no reason why this court should not grant appellant relief. It had the right to demand of the judge a statement of facts at the time it did so, and it was not its fault that the judge had forgotten some of the testimony.

[3] That an appeal may be prosecuted within the statutory period after the entry of a judgment nunc pro tunc was decided in Slayden v. Palmo, 90 S. W. 908.

For the reasons stated, the judgment is reversed, and the cause remanded.

Reversed and remanded.