### TRAMMELL et ux. v. ROSEN.

(Court of Civil Appeals of Texas. Amarillo. March 21, 1914. Rehearing Denied April 11, 1914.)

APPEAL AND ERROR (§ 14*)—ERROR PENDING APPEAL.

A cause in error being but another mode of appeal, the petition in error, by which, pending appeal, the same cause is brought up, will, there having been a reversal and remand on the appeal, be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 48–57; Dec. Dig. § 14.*]

Error to District Court, Tarrant County; W. T. Simmons, Judge.

Action by Sam Rosen against W. M. Trammell and wife. Judgment for plaintiff, and defendants bring error. Dismissed.

See, also, 163 S. W. 145.

Harris & Young, of Ft. Worth, for plaintiffs in error. Slay & Simon, of Ft. Worth, for defendant in error.

HENDRICKS, J. The record in this case presents an anomalous condition. The same cause was appealed from the district court of Tarrant county to the Court of Civil Appeals of the Second Supreme Judicial district, and that court dismissed the appeal, on the ground of a lack of final judgment. The Supreme Court, upon application for writ of error, held that the record disclosed final judgment, and the Court of Civil Appeals of that district thereafter reversed and remanded the cause to the district court of Tarrant county, and a motion for rehearing was overruled. During the pendency of that appeal, the same cause was brought into the same Court of Civil Appeals at Ft. Worth, by petition in error, and the Supreme Court of the state transferred that cause, which is the record here, to this court, in the exercise of its authority, in equalizing the dockets of the different courts of civil appeals. A motion was made in the Supreme Court of the state for the purpose of obtaining a retransfer of this cause to the Court of Civil Appeals for the Second district, and previously, January 31, 1914, we refused to proceed any further with this particular record until the Supreme Court had acted upon that motion and suspended our hearing upon a motion filed by the defendant in error, Rosen, for the purpose of dismissing the petition in error on a jurisdictional ground. While the motion to retransfer this particular cause to the Ft. Worth court, in so far as we are advised, has never been acted upon by the Supreme Court of the state, however, on account of a showing, by additions to this record, of the action of the Supreme Court in

---

other matters of a similar nature, we are convinced that the Supreme Court will not return the cause to the Ft. ‘Worth court. Upon consideration of the motion and the record, we think it should be sustained, and the cause dismissed.

During the pendency of the appeal of this cause to the Court of Civil Appeals for the Second district, the remedy by petition in error for a review of the same cause placed the same case and the same record in that court in two different forms. The petition in error is but a cumulative method of invoking the appellate jurisdiction, and of seeking a revision of the same cause and the same questions as were thereafter adjudged by the Court of Civil Appeals of that district by means of the former appeal. It has been repeatedly held by our Supreme Court that a cause in error is but another mode of appeal. Magee v. Chadoin, 44 Tex. 488; Green v. Martin, 43 Tex. 653; Ry. Co. v. Lacy, 7 Tex. Civ. App. 63, 26 S. W. 413. The latter case, decided by Chief Justice Tarleton, discloses a condition of a subsequent application of the appellate jurisdiction of that court by petition in error having previously sought a revision of the same cause by appeal. In the case on appeal the Supreme Court, upon application for writ of error, had granted the writ, but affirmed the judgment of the intermediate appellate court. The plaintiffs in error having failed to file in the Court of Civil Appeals a transcript with the writ of error proceedings, for some reason not disclosed, that court was asked to affirm the judgment on certificate, and which that court concluded it was without jurisdiction to entertain or sustain. The court said: "The cause which we are now asked to consider is the same case as that heretofore determined by us which has passed from our jurisdiction by the granting of the writ of error by our Supreme Court. It involves the same issues, and concerns the same parties. It in no way lost its identity on account of the fact that a writ of error was sued out. If we have jurisdiction to affirm this case on certificate, we would have jurisdiction to affirm it were it presented upon a transcript of all the proceedings had in the trial court," etc. While it is true in that cause the Supreme Court had finally disposed of the case, and divested the Court of Civil Appeals of jurisdiction of that particular appeal, however, the Court of Civil Appeals, being advised by the record in error, that it was the same cause previously disposed of by another jurisdiction, concluded it had no jurisdiction to act with reference to the record brought up on error. Analogously, to some extent, we are in the same condition, having been advised by this record that another court has adjudicated and finally disposed of the same record in the form of an appeal; and, while it may not be necessary for us to decide explicitly that this court has no jurisdiction, we at least think that the more expedient and practicable course to pursue is to dismiss this appeal, which we are sure the Court of Civil Appeals of the Second district would do if this record were before it upon the same motion. The contest here is really more on a question of costs. The plaintiff in error has the moral justification for suing out his petition in error to the Court of Civil Appeals of the Second district, apprehensive that his cause on appeal did not embody final judgment, and that he would lose without a disposition upon the merits. That condition, however, does not afford the plaintiff in error legal justification why this cause should be considered by us upon its merits, and as suggested, reverse and remand the case, as was done by the court in the other appeal.

It is ordered that this cause be dismissed.