## BENNETT v. ROSE MFG. CO. (No. 8414.)

(Court of Civil Appeals of Texas. Dallas. Dec. 4, 1920.)

1. Pleading ⬤➡110—In absence of controverting plea, defendant's plea of privilege establishes right to be sued in county of residence.

Under Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), amending the statute governing pleas of privilege, where no contest of defendant's plea of privilege is filed by plaintiff by way of controverting plea under oath, defendant by filing his plea of privilege in conformity with the statute establishes his right to be sued in the county of his residence, and the court no longer has jurisdiction over his person,. which is with the court in a different county.

2. Abatement and revival ⬤➡81 — Defendant's plea of privilege not prematurely filed but required controverting plea under oath.

Defendant's plea of privilege, returnable July 7, 1919, but filed June 12, 1919, was not prematurely filed, but complied with Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and, though properly excepted to, required controverting plea from plaintiff under oath.

3. Appeal and error ⬤➡5—Action of county court in overruling plea of privilege reviewable on writ of error.

Under the statute providing that appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in cases of which it has original jurisdiction, etc., the Court of Civil Appeals has jurisdiction and authority to review on writ of error the action of the county court in overruling defendant's plea of privilege to be sued in the county of his residence, the right given by Rev. St. art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), to appeal from judgment sustaining or overruling such a plea, not being exclusive.

Error from Dallas County Court; T. A. Work, Judge.

Suit by the Rose Manufacturing Company against Julius Bennett. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

J. F. Murray, of Runge, for plaintiff in error.

Leake & Henry, of Dallas, for defendant in error.

TALBOT, J. Appellee filed suit' in the county court of Dallas county at law against the appellant on a verified account for the sum of $285.03. The petition alleged that the . defendant in error was a corporation created under and by virtue of the laws of the state of Texas with its principal office and place of business in the city and county of Dallas, and that the plaintiff in error was a resident citizen of Karnes county, Tex. The petition was filed April 30, 1919, and the caption of the transcript shows that the next term of the court began on July 7, 1919. On June 12, 1919, the plaintiff in error, defendant below, having been duly cited to appear, filed a plea of privilege sworn to and in due form to be sued in Karnes county, the alleged county of his residence. On September 5, 1919, the defendant in error, plaintiff below, excepted to the defendant's plea of privilege on the ground that said plea failed to state the "status of defendant's residence between the 12th day of June, 1919, the date of the filing of the plea, and the 7th day of July, 1919, the first day of said term to which defendant was summoned to appear and answer." The plaintiff asserted that for the reason suggested in its exception to the defendant's plea of privilege, said plea had not been filed in accordance with our statutes upon the subject, and prayed "that said plea of privilege be set down for hearing and overruled." It does not appear that the plea was set down for hearing on any particular day or that the defendant had any actual notice of the plaintiff's exceptions thereto. It does appear, however, by the judgment of the court, that on September 19, 1919, the cause came on for trial; that the plaintiff by its

attorneys appeared and announced ready for trial; that the defendant, though duly cited, came not, but that he had on file herein his plea of privilege; that plaintiff's exceptions to said plea came on to be heard and were by the court sustained; that then came on to be heard the cause on its merits, and, it appearing that the same was based upon a verified account, judgment was rendered in favor of the plaintiff against the defendant, and entered as of September 5, 1919. No motion for a new trial appears to have been filed, but the defendant, being dissatisfied with the orders and judgment of the court, duly prosecuted a writ of error to this court.

[1] The contention of the plaintiff in error in this court is that the trial court committed fundamental error in overruling or striking out his plea of privilege and entering judgment on the debt sued on. This contention is well founded. The plea of privilege strictly conforms to the statute of this state governing such pleas as amended by the act passed by the 35th Legislature (1917), chapter 176, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903). This amended statute makes the filing of a plea of privilege to be sued in the county of one's residence prima facie proof of his right to a change of venue in the absence of a "controverting plea" thereof under oath. When such plea of privilege and controverting plea are filed, it becomes the duty of the court to note on the controverting plea "a time for a hearing on the plea of privilege," and such hearing shall not be had until a copy of the controverting plea, including a copy of such notation thereon, shall have been served upon the defendant, or his attorney, for at least 10 full days exclusive of the day of service and day of hearing. If no contest as indicated is filed the defendant by filing his plea of privilege in conformity with the statute establishes his right to be sued in the county of his residence, "and the court no longer has jurisdiction over his person, but it is with the court in a different county." Brooks v. Wichita Mill & Elevator Co., 211 S. W. 288.

[2] The defendant in error admits that, if the plaintiff in error "had filed a proper plea of privilege within seasonable time or even if prematurely and such filing went unchallenged, then the court could do nothing more than transfer the case to the county of the defendant's residence or dismiss it," but asserts, as applicable to the facts of the instant case, that a plea of privilege returnable on the 7th day of July, 1919, but filed on the 12th day of June, 1919, is prematurely filed and not complying with article 1903 of Vernon's Texas Civil Statute, 1918, Supplement, "to which we have referred, and, if properly excepted to, does not require a controverting plea under oath as provided where the answer is seasonably filed." It is argued in support of this contention that—

"The status of a citizen of this state in his relation to the jurisdiction of the various courts of the state over his person depends as much upon where he is living at the time he is called upon to answer as upon the date of the service of citation upon him or writ of garnishment as in this instance. If he is not a citizen of the county when the citation is served upon him, he at that time has the privilege of complaining of the fact that he is being sued without his county and immediately proceed to have the litigation removed to the county of his residence; provided, however, he does not bring himself within the jurisdiction of the court before return day by making that county the county of his domicile, and, if he does, that court would undoubtedly have jurisdiction over his person. It therefore becomes necessary that, if a nonresident should desire to take advantage of the venue statute, he should do so within the contemplation of that statute and file his plea accordingly; but we submit that the filing of this plea three weeks prior to the return day is not complying with the spirit of the statute, and that it is not incumbent upon the plaintiff to file a controverting plea to a plea of privilege that is unseasonably filed."

No authority on the point raised is cited; but, as an analogous case, we are referred to Gallagher v. Pugh, 66 S. W. 118, on the question of filing a premature garnishment answer. In that case the court said:

"We are inclined to the opinion that the court erred in refusing to require the garnishees to file their answer upon the date specified in the writ as the return day; that is, the first day of court at which they were required to appear and answer. It seems to be the settled doctrine in this state that from the date of the service of the writ to the filing of answer the garnishee can be held liable for any indebtedness created during that interval. Gause v. Cone, 73 Tex. 239, 11 S. W. 162."

It is insisted that—

"The principle of law is absolutely identical regarding the duty of a garnishee in filing his answer and that of a defendant in filing his plea of privilege on the return day as shown by the respective writs, because it is a question of change of status of either between the date of the service of the writ and the date upon which he is required to answer."

That there is an apparent analogy in the cases may be conceded; but, if the principle announced in regard to the duty of a garnishee in filing his answer is correct, we do not think it applicable and controlling in determining when a defendant's plea of privilege to be sued in the county of his residence must be filed. The requisites of such a plea are prescribed by statute, and it is declared to be sufficient if it be in writing and sworn to and states that the party claiming such privilege was not at the institution of the suit, nor at the time of the service of the citation in the suit nor at the time of filing such plea, a resident of the county in which the suit was instituted, and shall state the

county of his residence at the time of such plea and that none of the exceptions to the exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in the cause. The plaintiff in error's plea of privilege in this case contained all the averments required by the statute, and the mere fact that it was filed in advance of the return day of the citation served upon him did not authorize the trial court to sustain the exceptions leveled at it on that ground and render judgment in favor of the defendant in error for the debt sued on, It not only appears that the plea of privilege contained all the averments required by statute, but that the defendant in error alleged in its petition that the plaintiff in error was a resident of Karnes county, Tex., and the plea when filed was prima facie proof of the latter's right to a change of venue. There was no "controverting plea" filed by the plaintiff and no exception to the plea of privilege was filed until September 5, 1919, about one month subsequent to the appearance day of the term at which the defendant was cited to appear and answer the plaintiff's alleged cause of action. The plaintiff in error's plea of privilege being in compliance with the statute, and there being no controverting plea as authorized by the statute, it was the duty of the trial court to enter an order transferring the case to the county of his residence. Having made prima facie proof of his right to be sued in Karnes county, the plaintiff in error was not required to be present at court until he received notice of a contest of his right to be so sued in the county of his residence and of the order of the court setting a day for the hearing thereof. He received no such notice, and in the absence thereof he had a right to presume the proper transfer of the cause had been or would in due time be made to Karnes county. We do not believe it was ever contemplated in the enactment of the statute in question that the defendant, in order to avail himself of its provisions, must file his plea of privilege on the very day he is required to answer in the suit against him, and in the event he filed such plea in advance of such day, after service of citation upon him, he subjects himself to the charge of having filed the same prematurely and to a judgment by default. The plain purpose of the Legislature was to secure to the defendant the right to be sued in the county of his residence, and the courts should give the statutes upon the subject a liberal construction to effect that end. There is no claim that the plaintiff in error moved into Dallas county after the filing of his plea of privilege and was residing in that county on the date he was requested to appear and answer the defendant in error's suit, or that any

226 S.W.—10

exception to exclusive venue in the county of his residence existed.

It is further contended that validity of the judgment in this case depends upon the correctness of the trial court's order overruling the defendant's plea of privilege, and that, since the statute specially provides that such orders must be taken up to the Court of Civil Appeals by appeal and not by writ of error, this court has no jurisdiction over that question and cannot adjudicate the same.

[3] No reason is urged for a reversal of the judgment, except the error of the court in overruling the plaintiff in error's plea of privilege to be sued in the county of his residence, and, as suggested by the defendant in error, the validity of the judgment complained of depends upon the correctness of that ruling; but we do not agree to the proposition that this court has no jurisdiction or authority to review that action of the court by writ of error. It is provided by statute that an appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases and from every final judgment in the county court in cases of which the county court has original jurisdiction, etc., and it has been repeatedly held by the appellate courts of this state that "a cause in error is but another mode of appeal." In other words, the petition in error is but cumulative method of invoking the appellate jurisdiction and of seeking a revision of the same cause and the same questions involved in it. Magee v. Chadoin, 44 Tex. 488; Green v. Marten, 43 Tex. 653; Railway Co. v. Lacy, 7 Tex. Civ. App. 63, 26 S. W. 413. The right now given by article 1903 of the statute as amended by the act of 1917, to appeal from the judgment of the trial court sustaining or overruling a plea of privilege, is not exclusive and does not, in our opinion, preclude the aggrieved party, after final judgment in the cause, from seeking a revision of the cause and the court's ruling upon such plea by writ of error.

As we view the case, the trial court did not have jurisdiction over the person of the defendant when he filed his sworn plea of privilege, and, this plea not being controverted as required, the court was without authority to render a default judgment. The defendant, when he filed his plea of privilege, had done all the law required him to do in order to secure a trial of the cause in the county of his residence, and when the case was called the court could make but one proper order, and that was to transfer the case to the proper county.

We conclude that the court erred in overruling the defendant's plea of privilege to be sued in the county of his residence and in rendering judgment against him by de-

fault for the amount of the plaintiff's alleged claim, and the same will be reversed, and the cause remanded, with instructions to set said judgment aside and transfer the cause to Karnes county, Tex.

Reversed and remanded, with instructions.