## COMER et al. v. LANDRUM et al.
### (No. 9394.)

(Court of Civil Appeals of Texas. Dallas. June 20, 1925. Rehearing Denied Nov. 14, 1925.)

1. **Appeal and error** ⊙⟾5—**Writ of error lies to review judgment on plea of privilege pronounced in advance of trial of cause.**

Under Rev. St. 1911, art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), aggrieved party may prosecute appeal by means of writ of error from judgment on plea of privilege pronounced in advance of trial of cause.

2. **Pleading** ⊙⟾111—**Plea of privilege is tried on pleadings separate and distinct from pleadings in main suit.**

Plea of privilege is tried on pleadings separate and distinct from pleadings in main suit.

3. **Pleading** ⊙⟾111—**Pleadings raised by interposition of plea of privilege consist of plea, and controverting plea of other party, and such other pleadings as exigencies of case may call for.**

Pleadings raised by interposition of plea of privilege consist of the plea, and controverting plea of other party, and such other pleadings as exigencies of case may call for.

4. **Appeal and error** ⊙⟾327(8)—**Failure to serve heirs or legal representatives of deceased codefendant held not ground for dismissing cause as for defect of necessary parties.**

Where a codefendant in a partition suit died after judgment was entered on pleas of privilege filed by other defendants, but before plaintiffs sued out writ of error to review such judg-

---

ment, and it appeared deceased did not file any pleading on the hearing of the issue of venue, failure to serve either his heirs or legal representatives with citation in connection with writ of error *held* not to call for dismissal of cause in Court of Civil Appeals as for defect of necessary parties.

**5. Partition ⧉12(2)—Owner of equitable interest in land may sue in partition, though interest of defendant may be legal.**

One owning an equitable interest in land may sue in partition, though the interest of defendant in the suit in such land may be a legal interest.

**6. Tenancy in common ⧉1—Owner of equitable interest in land and owner of legal interest therein may be cotenants.**

Owner of equitable interest in land and owner of legal interest therein may be cotenants.

**7. Tenancy in common ⧉13—Exclusive possession of land by co-owner, either as owner of equitable or legal interest, is ordinarily for benefit of cotenant, as well as for his own benefit.**

Exclusive possession of land by co-owner, either as owner of equitable or legal interest, is ordinarily for benefit of cotenant, as well as for his own benefit.

**8. Venue ⧉22(1)—In partition against several defendants raising issue of cotenancy between adverse parties, venue was properly laid in county of residence of one defendant.**

Where, in suit against several defendants to partition land located in W. county, the evidence on the trial of the pleas of privilege raised the issue of fact as to plaintiff's equitable ownership and cotenancy with the legal interest of defendants, the venue of the suit *held* properly laid, under Vernon's Ann. Civ. St. Supp. 1922, art. 1830, subd. 13, in the county of the residence of one of the defendants.

**9. Appeal and error ⧉842(2)—Trial court's finding as fact in partition suit that its real object was to recover title to land held necessary conclusion of law, and was not binding on Court of Civil Appeals.**

Trial court's finding as fact in partition suit that its real object was to recover title to land *held* necessary conclusion of law, and was not binding on Court of Civil Appeals as a finding of fact.

Error from District Court, Dallas County; Kenneth Foree, Judge.

Suit by L. B. Comer and another against N. G. Landrum and others. There was a judgment sustaining a plea of privilege interposed by certain defendants, and plaintiffs bring error. Reversed and rendered.

Carden, Starling, Carden, Hemphill, Wallace & Taylor, of Dallas, for plaintiffs in error.

Etheridge, McCormick & Bromberg, of Dallas, for defendants in error.

JONES, C. J. This writ of error is prosecuted by plaintiffs in error, L. B. Comer and W. C. Forbess, residents of Tarrant county, Tex., from a judgment in a district court of Dallas county sustaining the plea of privilege of A. S. Dingee, A. G. Baldwin, Frank Baldwin, and F. C. Baldwin, Inc., and the pleas of privilege of Geo. L. Schmucker and R. R. Clark, transferring the suit to the district court of Wichita county. There were other defendants named in this suit, but all of them, except defendants N. G. Landrum and John V. Hughes, who reside in Dallas county, were nonresidents of the state.

The suit was brought by plaintiffs in error against defendants in error in a district court in Dallas county in the statutory form of partition; the petition alleging a joint ownership in an oil and gas lease on 120 acres of land in Wichita county between plaintiffs in error and defendants in error. It is alleged that plaintiffs in error each owns an undivided three-sixteenths interest in said lease, and the interest of defendants in error is also disclosed. The petition also alleged the residence of the parties as above stated, but did not disclose the character of title under which plaintiffs in error claimed their respective interests. However, the pleadings on the trial of the issue of venue disclosed that the claim of plaintiffs in error to be joint owners of said lease with defendants in error is based upon a purely equitable title, and that the claim of ownership to the entire lease by defendants in error is based upon the legal title to said lease. The recorded instruments assigning this lease disclose that defendant in error Landrum and associates owned the oil and gas lease on the 120 acres of land in questio. and a similar lease on an adjoining 100 acres; that these owners assigned the lease on the said 120 acres to one A. G. Varner, trustee; that the consideration for this assignment to Varner as trustee was paid in full by Varner, defendant in error Hughes, Gardner, and plaintiff in error Forbess; that assignment was made simply to A. G. Varner, trustee, and did not include his assigns. There was therefore no express or implied power of sale contained in said instrument. Defendants in error claim legal title under this assignment of the lease, and plaintiffs in error claim as beneficiaries of Varner's trust under same.

There is a question of notice to those holding the legal title of the outstanding equitable interest of plaintiffs in error, the determination of which rests with the final trial of this case, for which reason such question will not here be discussed.

Two preliminary questions are raised as follows: (1) Is the jurisdiction of this court invoked by the prosecution of an appeal by means of writ of error from a judgment on a plea of privilege pronounced in advance of the trial of the case? (2) Is there a fatal

defect of parties on an appeal from an order on pleas of privilege, where it appears that one of the defendants in the partition suit died after judgment is entered on the pleas of privilege, but before the suing out of the writ of error, and, where there is no service on decedent's heirs or legal representatives, where such deceased party did not file a plea of privilege or any character of pleading on the hearing of the issue of venue?

[1] Article 1903, Revised Statutes of 1911, as amended by Laws 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), gives either party the right of appeal from a judgment on the trial of pleas of privilege in the following language: "Either party may appeal from the judgment sustaining or overruling the plea of privilege. * * *" This provision of said article was construed by this court in an opinion by Justice Talbot in Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143, and the following portion of said opinion is quoted as decisive of this question:

"It is provided by statute that an appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases and from every final judgment in the county court in cases of which the county court has original jurisdiction, etc., and it has been repeatedly held by the appellate courts of this state that 'a cause in error is but another mode of appeal.' In other words, the petition in error is but a cumulative method of invoking the appellate jurisdiction and of seeking a revision of the same cause and the same questions involved in it. Magee v. Chadoin, 44 Tex. 488; Green v. Marten, 43 Tex. 653; Railway Co. v. Lacy, 7 Tex. Civ. App. 63, 26 S. W. 413. The right now given by article 1903 of the statute as amended by the act of 1917, to appeal from the judgment of the trial court sustaining or overruling a plea of privilege, is not exclusive and does not, in our opinion, preclude the aggrieved party, after final judgment in the cause, from seeking a revision of the cause and the court's ruling upon such plea by writ of error."

This question is therefore decided adversely to appellees' contention.

[2-4] John V. Hughes was one of the defendants in the partition suit; his interest in said suit being only that of the holder of a lien. He resided in Dallas county, and did not file a plea of privilege or any other pleading in reference to this issue. His death occurred subsequent to the entry of the judgment sustaining the pleas and ordering the transfer of this cause to the district court of Wichita county, but before he had been served with citation on the writ of error sued out in the district court for the purpose of having this order reviewed by this court. Neither his heirs nor his legal representatives were served with such citation, and no representative of his is before this court.

A plea of privilege is tried on pleadings separate and distinct from the pleadings in the main suit. These pleadings consist of the plea of privilege on the one side and the controverting plea on the other, and such other and additional pleadings as the exigencies of the case may call for. To none of these pleadings was the deceased a party, and we do not think the failure to serve either his heirs or legal representatives calls for a dismissal of this case because of a defect of necessary parties. This question is decided adversely to appellees' contention.

[5-8] One who owns an equitable interest in land may maintain a suit in partition, though the interest of the defendant in such suit in the land may be a legal interest. Porterfield v. Taylor (Tex. Civ. App.) 171 S. W. 793; Sutton v. Sutton, 39 Tex. 549. It logically follows that the owner of an equitable interest in the land and the owner of a legal interest in the same land may be cotenants, and, if one such owner be in exclusive possession of said land, his holding ordinarily is for the benefit of his cotenant as well as for his own benefit. Plaintiffs in error, by their controverting pleas to the pleas of privilege, allege their ownership of an equitable interest in this lease, and this allegation as to the interest claimed by plaintiff in error Forbess, finds support in the evidence offered at the trial of the pleas of privilege.

There is therefore raised an issue of fact against the claim of sole legal ownership of defendants in error as to the equitable ownership and cotenancy of Forbess with defendants in error in the oil and gas lease on the said 120 acres of land. Is this sufficient to maintain venue in Dallas county where one of the defendants resides? Subdivision 13 of article 1830, 1922 Supplement Vernon's Ann. Civ. St., reads:

"(Suits for the partition of lands or other property may be brought in the county where such lands or other property or a part thereof, may be, or in the county in which one or more of the defendants reside), and any such suit for partition of lands or any other property may be brought and prosecuted in the county of the residence of any one or more of the defendants, notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner thereof, or seek to recover the title to the same, provided that nothing herein shall be construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie, but whenever on the trial of the case, the co-tenancy of the parties or any of them is established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land."

The portion marked in parentheses of the above-quoted statute indicates this section as it existed prior to the amendment of 1919, and, as this section then existed, it was generally held by the courts that, if a partition suit involved the trial of title, it must be brought in the county where the land, or a

part of it, is situated. Stark v. Burr, 56 Tex. 130. As this section now exists, it authorizes venue of a suit for partition in the county of the residence of one or more of the defendants in such suit, though such defendants, or any of them, may assert an adverse interest in such property or claim to be the owner thereof, or seek to recover title to same, and it further provides that, while venue of any suit whose real purpose is to recover title to land cannot be maintained in a county other than where such land or a part of it may lie, still, if on the trial of the case the cotenancy of the parties, or any of them, is established or becomes an issue of fact, it may be brought in the county of the residence of one or more of the defendants.

As above stated, the evidence on the trial of the pleas of privilege raised an issue of fact as to the cotenancy of Forbess, and we must conclude that such evidence will be offered on the trial of the main case, and thus raise the same issue of fact in such trial. This statute, therefore, answers the question above propounded in the affirmative.

[9] It is true the trial court found as a fact that the real purpose of this suit is to recover the title to land, but this finding is necessarily a conclusion of law, and is not binding on this court as a finding of fact. We therefore hold that the venue of this suit is properly laid in Dallas county, the residence of one of the defendants in the partition suit. Caldwell v. Farrier (Tex. Civ..App.) 248 S. W. 425.

The judgment of the trial court is reversed, and the order is here entered overruling all of the pleas of privilege.

Reversed and rendered.