### BATSON v. BENTLEY et al.   (No. 2775.)

Court of Civil Appeals of Texas. Amarillo.
Sept. 7, 1927.

1. **Judgment ⚖︎➾317—Motion to amend or correct judgment may be made in trial court by either litigant.**

A motion to amend or correct a judgment may be made in the trial court by either litigant.

2. **Judgment ⚖︎➾310—Trial court had authority at following term to correct original judgment by adding name of litigant.**

The trial court had authority to amend and correct an original judgment by the entry of a subsequent judgment nunc pro tunc at the following term, by adding the omitted name of one of the litigants.

3. **Appeal and error ⚖︎➾807—Correction of record nunc pro tunc to show final judgment gave court no authority to reinstate appeal previously dismissed on ground judgment was not final.**

Where appeal was dismissed on ground judgment was not final, the correction of the record nunc pro tunc, so as to show final judgment, gave the court no authority to reinstate the attempted appeal, since it was a nullity, not being based on a final judgment.

4. **Appeal and error ⚖︎➾14(1)—After judgment has been made final by nunc pro tunc correction, party may prosecute appeal or error within prescribed time after nunc pro tunc entry.**

Where, through error, the original judgment was not final, but record was corrected nunc pro tunc by the addition of a defendant's name, so as to show final judgment, either party may prosecute appeal or error within time prescribed by law from entry of the judgment nunc pro tunc.

5. **Appeal and error ⚖︎➾659(1)—Certiorari to perfect record of appeal held properly denied, where appeal had been dismissed as a nullity, because judgment was not final.**

Where the reviewing court dismissed an appeal as a nullity, because judgment was not final, it followed that there was no record of appeal; hence application for certiorari to perfect the record was denied.

Appeal from District Court, Wheeler County; W. R. Ewing, Judge.

Action by J. A. Batson against W. E. Bentley and others. From the judgment rendered, plaintiff appealed. Appeal dismissed (295 S W. 316), and defendants filed motion to have the appeal reinstated, and also motion for certiorari to perfect the record. Motions denied.

Elliott & Moss, of Memphis, and Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellant.

Clayton Heare, of Shamrock, for appellees.

HALL, C. J. At a former day of this term this court dismissed the appeal of Batson, because no final judgment disposing of the rights of Mrs. Bertie Bentley had been entered in the court below. See 295 S. W. 316. After the appeal was dismissed, the defendants, appellees here, filed a motion in the district court of Wheeler county to correct and amend the judgment entry in accordance with the judgment, as it was originally rendered by the court, disposing of Mrs. Bertie Bentley as a party. This motion was filed on the 1st day of August, 1927, and presented to the trial judge in chambers, who ordered that notice be given to plaintiff's attorneys, commanding them to appear on August 6, 1927, and show cause, if any, why the motion should not be granted. The record shows that thereafter, by agreement of all parties, the hearing was postponed to August 22, 1927, a day during the regular term of said court. On said August 22d a judgment nunc pro tunc was entered in open court, which recites that both plaintiffs and defendants appeared by attorneys, and that the motion to amend and correct the original judgment was heard, and that, it appearing that the name of Bertie Bentley, one of the defendants, was through clerical error omitted from the judgment as entered on the 10th of September, 1926, and it further appearing that the judgment as rendered did dispose of Bertie Bentley, said original judgment was amended and corrected, so as to read that the plaintiff, J. A. Batson, take nothing as to either of the defendants, W. E. Bentley, Bertie Bentley, or M. Reynolds.

[1] The plaintiff duly excepted to this judgment nunc pro tunc, and gave notice of appeal. Thereafter, on August 24, 1927, the defendants, W. E. Bentley, Bertie Bentley, and M. Reynolds, have filed their motion in this court to have the appeal reinstated, and on the same date have filed a motion for certiorari to perfect the record in the case. The rule seems to be that a motion to amend or correct a judgment may be made in the court below by either litigant. 1 Freeman on Judgments (5th Ed.) p. 339.

[2-4] After a careful review of the proceedings and the authorities presented, we have concluded that the appellees' motion to reinstate the appeal must be overruled. The

authority of the court to amend and correct the original judgment by the entry of a subsequent judgment nunc pro tunc, at the following term of the court, by adding the name of Mrs. Bentley, seems to be well settled. Whittaker v. Gee, 63 Tex. 435; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784; Tillman v. Peoples, 28 Tex. Civ. App. 233, 67 S. W. 201; and Smith v. Moore (Tex. Civ. App.) 212 S. W. 988, in which last-cited case it is held that the court may amend such a judgment upon his own recollection of what judgment was actually rendered. Since the judgment as originally entered was not final, it will not support an appeal, and this court acquired no jurisdiction by the former attempt of Batson to appeal. Since there was no final judgment to support an appeal, we have concluded that we have no authority to reinstate upon the docket an attempted appeal, which was a nullity, because it was not based upon a final judgment. If either party to the judgment entered nunc pro tunc desires to prosecute an appeal, or to bring the controversy before this court by writ of error, such party may do so, within the time prescribed by law from the entry of the judgment nunc pro tunc. Luck v. Hopkins, 92 Tex. 426, 49 S. W. 360; Hall v. Read, 28 Tex. Civ. App. 18, 66 S. W. 809; Henry v. Boulter, 26 Tex. Civ. App. 387, 63 S. W. 1056; Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; Partridge v. Wooton, 63 Tex. Civ. App. 280, 137 S. W. 412; Broderick & Bascom Rope Co. v. Waco Brick Co. (Tex. Civ. App.) 150 S. W. 600.

[5] It follows, from what has been said, that the application for certiorari to amend the record must be overruled. Since the appeal has been dismissed from this court, there is no record to be amended.

The motion to reinstate and the application for certiorari are both denied.