### BRIDGES v. WILDER et al.
### No. 2565.

Court of Civil Appeals of Texas. Beaumont.
June 8, 1934.

Davis, Avery & Wallace, of Center, for appellant.

E. B. Warren, of Center, for appellees.

O'QUINN, Justice.

March 12, 1931, a default judgment was rendered in favor of plaintiffs, "Brammer and Wilder" in the district court of Shelby county, Tex., in cause No. 9097, against W. A. Bridges and his wife, Lucy Bridges, in the sum of $325.33, and for foreclosure of a mechanic's, materialman's, and builder's lien on certain property situated in the city of Center in said county.

March 30, 1931, defendants W. A. and Lucy Bridges filed petition for temporary injunction (cause No. 9316) against H. S. Wilder and Mary Brammer, plaintiffs in the original suit in which said judgment was rendered on March 12, 1931, to restrain them from having execution issued on said judgment and from the enforcement and collection of said judgment, with prayer that the temporary injunction be made permanent, and that said judgment against them be declared null and void. This upon the ground that in their original petition plaintiffs in cause No. 9097 had asserted no lien, but that said lien was alleged and its foreclosure prayed for in an amended petition of which "new cause of action," the asserted lien, they were never served with notice, nor had they waived service, or answered or appeared.

Temporary injunction was granted and duly served upon the defendants, H. S. Wilder and Mary Brammer, in said cause, and hearing set for August 10, 1931. After the granting of the temporary injunction, Mrs. Lucy Bridges died leaving surviving her W. A. Bridges, her husband, and Lawrence P. Bridges, her son and only heir. Suggestion of her death was made by said W. A. Bridges and Lawrence P. Bridges, and permission to prosecute the suit (9316) in their names obtained. The cause was continued from time to time until May 16, 1932, when same was regularly heard and judgment rendered denying plaintiffs W. A. Bridges and Lawrence P. Bridges the injunctive relief sought, and declaring the judgment in cause 9097 a valid judgment, and dissolved the temporary injunction theretofore granted. To this judgment W. A. Bridges and Lawrence P. Bridges excepted, gave notice of appeal, and perfected such appeal by filing an appeal bond on June 4, 1932. However, appellants therein failed to file any record of the case in the appellate court, and appellees had made up and filed proper record together with motion for affirmance of the judgment on certificate, which motion was refused because not filed at the term of the appellate court to which the appeal was returnable.

After the proceedings last mentioned, execution was issued and levied upon the property in question and same was advertised to be sold. Another temporary injunction was obtained restraining such sale, but service of same was not had in time to prevent the sale, and the property was sold to appellant W. A. Bridges, who failed to comply with his bid. Thereupon alias execution was issued with order of sale, and said execution was levied upon the property involved and same was advertised to be sold on July 4, 1933. At the suit of W. A. Bridges (No. 9745) temporary injunction was granted on July 4, 1933, restraining the sale of the property, and hearing set for July 17, 1933. Appellees filed answer July 5, 1933. July 15, 1933, appellant filed his amended petition in which he sought to restrain the execution of the judgment and sale of the property on the grounds: (a) That the judgment of March 12, 1931, in cause 9097 by virtue of which the execution and order of sale were issued, was dormant, no execution having been issued thereon for more than sixteen months after the time when such execution could have issued, because of which the execution and order of sale were invalid; (b) that the original judgment was against appellant and his wife, Lucy Bridges, and that after the rendition of said judgment and before the issuance of the execution and order of sale in question, said Lucy Bridges died, and though no administration had been had upon the estate of said

Lucy Bridges, and though there were debts against her estate, no execution by virtue of said judgment against her estate could issue, but that the judgment, if valid, must be collected through the probate court; (c) that the judgment in question (in cause 9097) is a nullity and would not support an execution for in that same was rendered against appellant and his wife, Lucy Bridges, in favor of parties who were not before the court and who had not invoked the jurisdiction of the court over appellant and his said wife and who had no pleadings in said cause asking for relief against them; (d) and in the alternative that if he was mistaken in his allegation that the judgment was a nullity, then that said judgment was not enforceable because it was not a final judgment because it failed to dispose of all the parties in that said suit was instituted by H. S. Wilder and Mary L. Brammer, plaintiffs, but the judgment was rendered in favor of "Brammer and Wilder," in no manner disposing of the rights, if any, of the plaintiffs H. S. Wilder and Mary L. Brammer, and so not being a final judgment would not support an order of sale or execution; and that notwithstanding all of the above-alleged facts, appellees had caused alias execution and order of sale to issue by virtue of said judgment, and same to be levied upon the property in question and were threatening to sell same.

Appellees by supplemental answer denied all matters alleged by appellant in his petition for injunction, and specially answered that the judgment rendered in cause No. 9097, on March 12, 1931, was correct and in accordance with the pleading, but that if there was any defect in said judgment as entered it was that by inadvertence the individual names of the plaintiffs were omitted; that the actual judgment decree was against W. A. Bridges and Lucy Bridges as defendants, and in favor of H. S. Wilder and Mary L. Brammer as plaintiffs, the actual entry of the judgment upon the minutes of the court reciting said judgment in favor of "the plaintiffs, Brammer and Wilder," and said answer concluded with a motion and prayer that said judgment be amended so as to strike out the words "Brammer and Wilder" and insert in lieu thereof the words "H. S. Wilder and Mary L. Brammer, individually and as independent executrix of the estate of J. L. Brammer deceased."

Appellant by supplemental petition replied to appellees' supplemental answer by special exceptions, general denial, and special pleas not necessary to be stated.

Upon a full hearing judgment was entered denying appellant the injunctive relief sought, dissolved the temporary injunction theretofore granted, ordered the judgment amended as prayed by appellees, and declared said judgment to be in all things a valid and subsisting judgment. From this judgment appellant brings this appeal.

■ Appellant's contention that the execution should not have issued because the judgment was dormant is overruled. The insistence is based upon article 3773, R. S. 1925, which provides that if no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. The record herein shows no execution was issued within twelve months after the time when it could have issued. But the answer is that appellant on the eighteenth day after the judgment was rendered sought and obtained an injunction to restrain the issuance of execution to enforce the judgment, and that such injunction litigation continued until long after the twelve months provided by statute had elapsed. Because of appellant's active and prolonged resistance to the issuance and levy of execution under the judgment, appellees were by law prevented from sooner obtaining their execution. Appellant cannot by injunction prevent appellees from obtaining an execution and levying same upon the property involved for more than twelve months, and then interpose the defense of dormancy against the judgment when execution is later issued and levied upon the property. Execution was issued within twelve months after first injunctive proceedings were finally disposed of.

■ Appellant's contention that the judgment rendered in cause 9097 March 12, 1931, was a nullity because rendered in favor of parties not before the court, wherefore the temporary injunction restraining the enforcement of said judgment should have been made permanent, is overruled.

Plaintiffs' amended original petition, upon which cause 9097 was tried, in part is:

"Now comes H. S. Wilder, surviving partner of the partnership of Brammer and Wilder, and Mrs. Mary Brammer, individually and as independent executrix of the estate of J. L. Brammer, deceased, (the said J. L. Brammer having died testate in Harris County, Texas, his will having been probated in Harris County, Texas,) leave of the court having first been obtained, comes and files

this their first amended original petition herein, and complaining of W. A. Bridges and Lucy Bridges, hereinafter called defendants, and for cause of action these plaintiffs would respectfully show the court."

"First: That Brammer and Wilder was a partnership, composed of J. L. Brammer and H. S. Wilder; that J. L. Brammer died testate and his will was probated in Harris County, Texas; that by the terms of said will Mary Brammer was named independent executrix thereof, and was sole devisee; that H. S. Wilder is the surviving partner of the partnership firm of Brammer and Wilder; that the defendants live in Shelby County, Texas."

The succeeding paragraphs of the petition sufficiently plead the cause of action upon which recovery was sought. The prayer was that plaintiffs have judgment against the defendants for the debt alleged, attorney's fees, and foreclosure of the mechanic's, material-man's, and builder's lien asserted.

Service of citation upon the defendants was duly had. They made no appearance and judgment was rendered against them by default.

The judgment recited: "This, the 12th day of March, A. D. 1931, in the above entitled and numbered cause, wherein Brammer and Wilder are plaintiffs and W. A. Bridges and Mrs. Lucy Bridges are defendants, came the plaintiffs by their attorney; and the said defendants, though duly served with process and for the length of time required by law, failed to appear or to answer in this behalf, but wholly made default, and the cause having been submitted to the court and the court having heard the pleadings and being of the opinion that the plaintiffs should have the relief for which they pray, it is accordingly ordered, adjudged and decreed that the plaintiffs, Brammer and Wilder, do have and recover of the defendants, W. A. Bridges and Mrs. Lucy Bridges * * *."

We think the judgment sufficiently follows the pleadings. The amended petition of plaintiffs upon which the cause was tried plainly names the plaintiffs as H. S. Wilder and Mary L. Brammer. It states that the firm of Brammer and Wilder had been dissolved by the death of J. L. Brammer; that plaintiff H. S. Wilder was the surviving member of said firm, and that plaintiff Mary L. Brammer was the surviving wife of J. L. Brammer, deceased, and that she was suing in her individual capacity and as independ-

ent executrix of the will of her deceased husband, which said will had been duly probated in Harris county, Tex., and that she was the sole heir and devisee of her said husband in said will. The judgment was in favor of "plaintiffs," who had been fully and plainly designated in their petition. It recited that the court was of the opinion that "the plaintiffs should have the relief for which they pray," and decreed "that the plaintiffs, Brammer and Wilder, do have and recover of and from the defendants * * *." The expression in the judgment that "the plaintiffs, Brammer and Wilder, do have and recover" we think could not be construed to mean that the defunct partnership of Brammer and Wilder was given judgment. That would be against the pleadings of plaintiffs which named the plaintiffs as H. L. Wilder, the surviving partner of the dissolved partnership, and Mary L. Brammer, the surviving wife and sole heir of the deceased member, J. L. Brammer, of said partnership; also against the prayer of plaintiffs for relief. The granting of relief to "the plaintiffs, Brammer and Wilder," could point only to the named plaintiffs who were H. S. Wilder and Mary L. Brammer.

However, if it can be said that the judgment as entered was defective in that it apparently named Brammer and Wilder, the defunct partnership, as the party recovering judgment, then such entry of judgment was a clerical error, and could be amended so as to speak the truth of the award. Appellees, plaintiffs below, while insisting that the judgment as originally entered was valid, filed motion to amend same by striking the expression "Brammer and Wilder" and inserting the individual names of the plaintiffs as recovering judgment. Upon proof, this motion was granted and the amendment made. It is contended by appellant that this amendment was improperly ordered because of lack of competent and sufficient evidence. This insistence is without force. Among other evidence offered was the amended petition of the plaintiffs upon which the case was tried. We have above set out that portion showing the dissolution of the Brammer and Wilder partnership, and plainly naming the plaintiffs seeking to recover. This evidence was of itself sufficient to warrant the correction.

What we have said disposes of the case and it is not necessary to discuss other assignments.

The judgment is in all things affirmed.