**BRIDGES et al. v. WILDER et al.**
**No. 2704.**

Court of Civil Appeals of Texas. Beaumont.
March 21, 1935.

Rehearing Denied April 3, 1935.

Davis, Avery & Wallace, of Center, for plaintiffs in error.

Ellis Warren, of Center, for defendants in error.

WALKER, Chief Justice.

On the 12th day of March, 1931, in cause No. 9097 on the docket of the district court of Shelby county, Brammer & Wilder recovered a default judgment against W. A. Bridges and his wife, Mrs. Lucy Bridges, for the sum of $325.33, with foreclosure of a me-

chanic's, materialman's, and builder's lien on certain property situated in the city of Center, in Shelby county. In a proceeding instituted by W. A. Bridges in the same court against Brammer & Wilder, judgment was entered on the 15th day of July, 1933, denying the injunction, and on the prayer of Brammer & Wilder judgment was entered nunc pro tunc making certain corrections in the original judgment; by the order making these corrections the entire original judgment was brought forward wherein Brammer & Wilder were decreed the same relief as in the original judgment. W. A. Bridges, the plaintiff in that proceeding, prosecuted his appeal to this court from the nunc pro tunc judgment, where it was in all things affirmed by judgment dated June 8, 1934. See Bridges v. Wilder et al. (Tex. Civ. App.) 72 S.W.(2d) 644, to which reference is made for a more detailed statement of the matters referred to above.

■ Notwithstanding W. A. Bridges had prosecuted his appeal from the nunc pro tunc judgment by appeal bond filed on the 11th day of September, 1933, on the 10th day of January, 1934, he and his son Lawrence P. Bridges, who, on the death of his mother, took her place in the litigation, filed their petition for writ of error against the nunc pro tunc judgment, which was in all things perfected to this court and filed herein on May 28, 1934. The purpose of this writ of error was to ask this court to review the very judgment before us on the appeal of W. A. Bridges referred to above. It is our conclusion that every issue presented by the writ of error was adjudicated on the appeal. We agree with the contention of plaintiffs in error that the nunc pro tunc judgment is the one now in force and that it must be executed if not reversed and is, therefore, the judgment, and the only judgment, to be reviewed in this proceeding. Luck v. Hopkins, 92 Tex. 426, 49 S. W. 360, 361. Upon the entry of the nunc pro tunc judgment, the original judgment ceased to perform any office whatever but was superseded in every respect by the nunc pro tunc judgment. Luck v. Hopkins, supra; Hall v. Reed, 28 Tex. Civ. App. 18, 66 S. W. 809; Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575; Ripey v. Redwater Lmbr. Co., 48 Tex. Civ. App. 311, 106 S. W. 474; Gordon v. McCall (Tex. Civ. App.) 56 S. W. 219; Swanson v. Holt (Tex. Civ. App.) 56 S.W.(2d) 266; Partridge v. Wooten, 63 Tex. Civ. App. 280, 137 S. W. 412; Broderick & Bascom Rope Co. v. Waco Brick Co. (Tex. Civ. App.) 150 S. W. 600; Henry v. Boulter,

26 Tex. Civ. App. 387, 63 S. W. 1056; Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; 3 Tex. Jur. 277; Panhandle Const. Co. v. Lindsey (Tex. Com. App.) 72 S.W.(2d) 1068; Batson v. Bentley (Tex. Civ. App.) 297 S. W. 769; Brinkley v. State (Tex. Civ. App.) 49 S.W.(2d) 516; Palmo v. S. W. Slayden & Co., 100 Tex. 13, 92 S. W. 796; Gray v. Chapman (Tex. Civ. App.) 74 S. W. 564. It was immaterial that the corrections made by the nunc pro tunc judgment were insignificant and that without these corrections the original judgment was in all respects final, sufficient to support the necessary process for its enforcement. In Luck v. Hopkins, supra, the Supreme Court said: "It does not matter that the judgment last entered was similar to, or in fact the same as, the first judgment, for the reason that the first judgment no longer existed after that of July 9th was rendered by the court." Having superseded their original judgment, Brammer & Wilder could look only to their nunc pro tunc judgment for the collection of their debt.

In recognition of this proposition, as stated above, W. A. Bridges prosecuted his appeal against the nunc pro tunc judgment. By that appeal he had the right to make against the nunc pro tunc judgment every attack to which it was vulnerable, including the assignment of error which constitutes the basis of this writ of error proceeding.

Plaintiffs in error had a choice of two remedies, one by direct appeal upon an appeal bond, which was regularly prosecuted, and the other by writ of error proceedings, which they are now attempting to prosecute. They cannot have both remedies. Discussing appeals, it is said in 3 Tex. Jur. p. 53: "Inasmuch as a writ of error is but a mode of appeal, an appellate court will not entertain a proceeding in error after an adjudication and final disposition of the same record on an appeal." The following cases are cited, in support of this proposition: Holland v. Swilley (Tex. Civ. App.) 280 S. W. 841; Trammell v. Rosen (Tex. Civ. App.) 165 S. W. 518; Broocks v. Lee, 47 Tex. Civ. App. 424, 105 S. W. 1016 (writ refused). See, also, page 57, same volume, where, discussing the two methods of appeal it is said: "However, these proceedings, while in a sense regarded as cumulative, are not concurrent, and the court will make an adjudication on the merits in one only, and will dispose of the others by dismissing them." On the authorities cited by Texas Jurisprudence in support of the quoted text, a litigant cannot prosecute his appeal upon an appeal bond and, pending his appeal, on contingency that he might lose, perfect a writ of error proceeding to be prosecuted if the appeal is lost.

It is our conclusion that this proceeding should be dismissed, and it is accordingly so ordered.

### On Rehearing.

Both parties have filed motions for rehearing. Plaintiffs in error assign that we are in conflict with Batson v. Bentley (Tex. Civ. App.) 297 S. W. 769, and Hannon v. Henson (Tex. Civ. App.) 7 S.W.(2d) 613, affirmed by Supreme Court 15 S.W.(2d) 579. We dismissed this writ of error proceeding on the following proposition, which was based upon the facts as recited in our opinion: "A litigant cannot prosecute his appeal upon an appeal bond and, pending his appeal, on contingency that he might lose, perfect a writ of error proceeding to be prosecuted if the appeal is lost." That proposition was in no way involved in either of the cited cases.

Motions for rehearing are overruled.